# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 21, 2012

Lyle W. Cayce
Clerk

No. 12-40041
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ALBERTO MARTINEZ-BERRIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-896-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jorge Alberto Martinez-Berrios (Martinez) appeals the sentence of six months of imprisonment and 30 months of supervised release imposed by the district court following the revocation of his term of supervised release. Citing § 5D1.1(c) of the Sentencing Guidelines, which provides that supervised release "ordinarily" should not be imposed "in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deported after imprisonment," Martinez argues that his sentence was procedurally and substantively unreasonable.

Although this court ordinarily reviews revocation sentences under the "plainly unreasonable" standard, *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct. 496 (2011), our review in this case is for plain error because Martinez failed to object to his sentence in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Considering the record before us, there is no indication that the district court accounted for or considered § 5D1.1(c) in applying the guidelines for supervised release. The district court thus committed clear or obvious error. *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010). However, Martinez cannot show that the error affected his substantial rights.

The guidance against supervised release under § 5D1.1(c) is hortatory rather than mandatory. *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). Where § 5D1.1(c) applies, "supervised release should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.*; § 5D1.1, comment. (n.5). The district court's particularized statements concerning Martinez's history of repeated immigration violations, though brief, were adequate to explain why a supervised release term was appropriate to provide "an added measure of deterrence and protection" in his case. *See* § 5D1.1, comment. (n.5); *see Dominguez-Alvarado*, 695 F.3d at 328-30. Thus, with respect to the adequacy of the district court's explanation of the

sentence, Martinez cannot satisfy his burden under plain error review of showing an effect on his substantial rights.

With respect to substantive reasonableness, Martinez contends that the district court erred because it failed to account for the guidance under § 5D1.1(c) against supervised release.  One basis for error in a defendant's sentence is failure by the district court to account for a factor that should receive significant weight.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Here, the district court's reasons for the sentence indicated that the particular facts and circumstances of this case warranted the imposition of the punishment imposed, including the supervised release term.  *See* § 5D1.1, comment. (n.5).  "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Martinez has not demonstrated plain error regarding the substantive reasonableness of his sentence.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.