# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-40353
Summary Calendar

January 28, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ANGEL GARCIA-LEMUS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-983-1

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant, Juan Angel Garcia-Lemus ("Garcia-Lemus") pled guilty to being an alien found in the United States after deportation and having been convicted of a felony. 8 U.S.C. § 1326(a) and (b)(1). He was represented by a Federal Public Defender and was sentenced to a term of 24 months imprisonment followed by a three year supervised release term. He made no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objection to the sentence in the trial court.  On appeal, he challenges only the term of supervised release.

We review his appeal under the plain error standard.  Fed. R. Crim. Pro. 52(b);   *United States v. Hernandez-Guevara*, 162 F.3d 863, 870 (5th Cir. 1998).  His issues, centered on the proposition that imposing supervised release on a deportable alien constitutes an upward departure, are now foreclosed by this court's recent decision in *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).  The court committed no error, much less plain error, in failing to treat the supervised release term as an upward departure in light of the new guideline § 5D1.1(c) (stating that a term of supervised release should not "ordinarily" be imposed on a removable alien).  *Id*.  The final sentence, imposed within the guidelines range, is presumptively reasonable.

There remains only the question whether the district court's failure to explain reasons for imposing supervised release merits the relief of resentencing under the plain error standard.  We hold it does not.  The sentencing hearing here was perfunctory, punctuated mainly by the government's reminder that Garcia-Lemus has a criminal record including 11 prior convictions and 2 prior illegal reentries at times when he was already serving supervised release terms. Garcia-Lemus sought mercy as to the term of imprisonment only. Garcia-Lemus make no attempt to demonstrate why this technical omission, if error at all, affected his substantial rights or, if left uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 US 129, 135 (2009).  No plain error is shown.

**AFFIRMED.**