**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 3, 2013

No. 12-40006

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARGARITO CHAVEZ-TREJO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-cr-1021

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Margarito Chavez-Trejo, a citizen of Mexico, pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. The presentence report ("PSR"), prepared on November 3, 2011, and applying the 2011 edition of the Sentencing Guidelines, calculated his total offense level to be 22 with a criminal history category of III, resulting in a recommended Sentencing Guidelines range of 51 to 63 months.

Effective November 1, 2011, Guidelines § 5D1.1, "Imposition of a Term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40006

Supervised Release," was amended to add subsection (c), which provides: "The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  U.S.S.G. § 5D1.1(c) (2011).  The commentary accompanying § 5D1.1(c) states:

> *Application of Subsection (c).* —In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release.  Unless such a defendant legally returns to the United States, supervised release is unnecessary.  If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution.  The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1 cmt. n.5.[1]

Although the PSR contained an accurate recitation of § 5D1.1, in the immediately preceding paragraph, the PSR also advised:

> **Guideline Provisions:** The guideline range for a term of supervised release is at least 1 year but not more than 3 years, pursuant to U.S.S.G. § 5D1.2(a)(2).  If a sentence of imprisonment of 1 year or less is imposed, a term of supervised release is not required but is optional, pursuant to U.S.S.G. § 5131.1(b).  Supervised release is required if the Court imposes a term of imprisonment of more than 1 year, pursuant to U.S.S.G. § 5D1.1(a).

This was an inaccurate summary of § 5D1.1, which further provides that "[t]he court shall order a term of supervised release to follow imprisonment . . . *except* as provided in subsection (c)."  U.S.S.G. § 5D1.1(a)(2) (emphasis added).

---

[1] Guidelines commentary is equivalent in force to the Guidelines language itself as long as the language and the commentary are not inconsistent.  *United States v. Rayo-Valdez*, 302 F.3d 314, 318 n.5 (5th Cir. 2002) (citing *Stinson v. United States*, 508 U.S. 36, 42–43 (1993)).

No. 12-40006

The PSR thus incorrectly listed the applicable Guidelines range for supervised release as a mandatory term of at least one year, but not more than three years.

Chavez-Trejo did not file objections to the PSR but requested a downward variance from the Guidelines range. The district court imposed a below-Guidelines sentence of 40 months of imprisonment. It also imposed three years of supervised release. In discussing its imposition of a term of supervised release, the district court made the following remarks:

> THE COURT: I'm going to sentence you to 40 months, Mr. Chavez-Trejo. Hopefully -- well, you've been through this before. Hopefully, you will not serve the full amount of time. I doubt you served -- I doubt you served a full 50 months back in 2004. Because you're entitled to get credit for good behavior and you will get credit for the time you've been with us. You've already been with us five months.
>
> But when you get out, you'll be put on supervised release again. You've been through this again, but -- it's a requirement of the law, but it also -- we cannot supervise you anyway. Because you're supposed to be in Mexico and we cannot supervise you in Mexico. So if you stay there like you're supposed to, it doesn't mean a thing.
>
> But if we see you again in this country, whether it's to visit the first family, or some other family, or just to shop, or pray, or whatever, the minute you step foot here, you're committing a crime again. So if you're caught in the first three years after you get out, you'll get new charges, plus two more years in this case.
>
> But even if you wait three years, you'll always be facing the new charges. You don't have papers. Just looking at this, it's not likely you're ever going to get real papers, valid papers. And so you just need to -- no matter what kind of excuses or problems you think you have in Mexico, the best advice I can give you is go South. Go to the interior of Mexico, or go to Central America, or go to Brazil, or somewhere. But don't come here. Because you're just announcing that you would like to go back to prison again.

No. 12-40006

On appeal, Chavez-Trejo argues that the district court procedurally and substantively plainly erred in imposing a term of supervised release.[2]  Plain error review requires determining whether (1) there was error; (2) it was plain or obvious; (3) the error affected the defendant's substantial rights; and (4) this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice.  *United States v. Olano*, 507 U.S. 725, 732–37 (1993); *see United States v. Infante*, 404 F.3d 376, 394 (5th Cir. 2005).  This court retains discretion to correct reversible plain error, but will do so "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and alterations omitted).

The district court's statement that supervised release was "a requirement of the law" was error that was both clear and obvious.  *See United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (per curiam); *see also United States v. Martinez-Berrios*, No. 12-40041, 2012 WL 6634605, at *1 (5th Cir. Dec. 21, 2012) (per curiam) (unpublished) (error was clear or obvious where there was "no indication that the district court accounted for or considered § 5D1.1(c)").

Whether this error affected Chavez-Trejo's substantial rights is a closer question.  The government points to Chavez-Trejo's criminal history and two prior deportations and argues that, to the extent there was plain error, the error did not "increase[] the term of a sentence, such that there is a reasonable probability of a lower sentence on remand."  *United States v. Garcia-Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009).  The government further argues that the sentencing transcript reveals that the district court imposed a term of

---

[2] Chavez-Trejo also contends that the district court plainly erred by not giving notice before departing from the Guidelines, but concedes in his reply brief that this argument is foreclosed by our intervening decision in *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012).

4

supervised release because it believed doing so "would provide an added measure of deterrence and protection based on the facts and circumstances of [this] particular case." U.S.S.G. § 5D1.1 cmt. n.5.

We understand these arguments to be related. To the extent the district court acted out of a desire to deter Chavez-Trejo, it is less likely that the district court would impose a lower sentence on remand. Conversely, the case for remand becomes stronger if the district court's sentence was based on factors it considered only because of an erroneous understanding of the Guidelines. We look, then, at the sentence imposed and at the district court's reasoning in imposing its sentence.

We note, first, that the district court imposed a below-Guidelines sentence. In so doing, the district court identified multiple grounds for leniency, including, *inter alia*, that Chavez-Trejo "[is] the father of six children" who are U.S. citizens. This suggests that a remand to resentence under a correct understanding of § 5D1.1 might result in a sentence without supervised release.

Next, we observe that the one ground under § 5D1.1(c) that would justify the imposition of supervised release—deterrence—is not clearly in evidence. *See* U.S.S.G. § 5D1.1 cmt. n.5. The district court did not so much as mention § 5D1.1. While we have upheld sentences in numerous cases in which the district court failed to discuss § 5D1.1, we did so because the courts based their imposition of supervised release on deterring future conduct. *See, e.g.*, *United States v. Lara-Espinoza*, 488 F. App'x 833, 835 (5th Cir. 2012) (per curiam) (unpublished) ("[I]t is in [the] strong societal interest to deter individuals who engaged in the kind of crime that you were convicted of . . . ."); *Dominguez-Alvarado*, 695 F.3d at 330 ("I gave the sentence . . . to deter future criminal conduct . . . .").

By contrast, here the district court did not explicitly discuss deterrence. Instead, in speaking to Chavez-Trejo, it observed that "we cannot supervise you

anyway." Possibly in a deterrence vein, the district court warned Chavez-Trejo that "if we see you again in this country . . . . in the first three years after you get out, you'll get new charges, plus two more years in this case." Having read, indeed pored over, the entire colloquy, it is simply unclear whether deterrence motivated the imposition of supervised release or whether, instead, it was driven by a mistake as to § 5D1.1. *See, e.g.*, *United States v. Reyes-Serna*, Nos. 11-41241, 11-41242, 2013 WL 323068, at \*1 (5th Cir. Jan. 28, 2013) (per curiam) (unpublished) (district court's statements that sentence was "necessary to protect the public," and that defendant "was not welcome in the United States," were "sufficient to justify the imposition of supervised release"). Hence, we assume, without deciding, that the plain error did affect Chavez-Trejo's substantial rights.[3]

On the assumption that Chavez-Trejo has demonstrated a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence," *Blocker*, 612 F.3d at 416 (internal quotation marks omitted), we nevertheless decline to exercise our discretion to correct the plain error because the error does not "seriously affect[] the integrity and fundamental fairness of judicial proceedings," *Garcia-Quintanilla*, 574 F.3d at 304. "[E]ven if an increase in a sentence [can] be seen as inevitably 'substantial' in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings." *United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009); *see also United States v. Davis*, 602 F.3d 643,

_____

[3] We recognize that this court recently found that a district court's consideration of deterrence is sufficient to remedy ignorance of §5D1.1(c) if the district judge's comments "indicate *implicit consideration of the deterrent effect* of [supervised release]." *United States v. Cancino-Trinidad*, 11-41344, 2013 WL 869047 (5th Cir. Mar. 8, 2013) (emphasis added). In *Cancino-Trinidad*, however, the sentencing court expressly stated that it was "trying to keep [the defendant] from coming back," *id.* at \*3, whereas here the district court only warned Chavez-Trejo of the effect of supervised release should he illegally reenter the country. The district court never suggested that it was imposing supervised release *because of* those effects. Instead, it described supervised release as "a requirement of the law."

652 (5th Cir. 2010) (plain error test "requires *both* a showing of effect on the appellant's substantial rights *and* an effect on the fairness or integrity of the proceedings before this court may exercise its *discretion* to remedy the error").

Chavez-Trejo does not explain why a decision not to exercise our discretion in this case would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (issues not adequately briefed are abandoned); *United States v. Garcia-Lemus*, No. 12-40353, 2013 WL 323080, at *1 (5th Cir. Jan. 28, 2013) (per curiam) (unpublished) (no plain error shown where defendant made "no attempt to demonstrate why [the failure to explain reasons for imposing supervised release] . . . would seriously affect the fairness, integrity, or public reputation of judicial proceedings"). Whether supervised release is imposed or not also does not now impact Chavez-Trejo himself and it may never do so. As the district court observed in sentencing Chavez-Trejo, "you're supposed to be in Mexico and we cannot supervise you in Mexico. So if you stay there like you're supposed to, [supervised release] doesn't mean a thing." *See United States v. Navarrete-Rembao*, No. 12-40252, 2013 WL 220776, at *1 (5th Cir. Jan. 21, 2013) (per curiam) (unpublished) ("If [defendant] is deported again, supervised release will have no practical effect on him."). Chavez-Trejo also affirmed that "[t]his is the last time. I'm not going to come back. I already have another family in Mexico." We thus are unpersuaded that the district court's procedural plain error in this case affects the fairness, integrity, or public reputation of judicial proceedings such that remand is warranted. *See United States v. Jones*, 489 F.3d 679, 682 (5th Cir. 2007) (assuming there was reasonable probability that sentence would be decreased on remand, but finding that sentencing error did not seriously affect fairness, integrity, or public reputation of judicial proceedings where district court exercised diligent effort at sentencing hearing, notwithstanding its unnecessary discussion of defendant's arrest record).

No. 12-40006

We also are unpersuaded by Chavez-Trejo's argument that his sentence was substantively unreasonable because "the sentence does not account for a factor that should receive significant weight," *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009)—here, the Guidelines' recommendation that "ordinarily" a term of supervised release should not be imposed on deportable aliens. Because the three-year term of supervised release was within the recommended Guidelines range, it is presumed reasonable, *see United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006), and we infer that the district court considered all pertinent sentencing considerations, *see United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Chavez-Trejo has not overcome that presumption and, as discussed above, we also do not view this case as implicating the fairness and integrity of judicial proceedings.

For the foregoing reasons, we AFFIRM the sentence.