# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2013

No. 11-11188

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YAIR FRANUEL BENITEZ-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CR-121-1

Before REAVLEY, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:[*]

Yair Franuel Benitez-Espinoza appeals following his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. Benitez-Espinoza contends that the district court erred, in light of U.S.S.G. § 5D1.1(c), by imposing a term of supervised release as part of his sentence. We AFFIRM.

Benitez-Espinoza entered his guilty plea without the benefit of a plea agreement. Prior to sentencing, however, he agreed in a sentencing agreement to waive his right to appeal his conviction in return for the Government moving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-11188

pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease to his offense level for acceptance of responsibility.  With this adjustment, the presentence report (PSR) calculated Benitez-Espinoza's advisory sentencing guideline range as 46 to 57 months.  The PSR also provided that the guideline range for a term of supervised release was two to three years.  The district court sentenced Benitez-Espinoza at the bottom of the guideline range to 46 months in prison.  The district court also imposed a two-year term of supervised release.

Counsel for Benitez-Espinoza objected to the term of supervised release on the ground that she did not "believe there is any reason or [has] been any showing that that would increase the likelihood that Mr. Benitez would not return to the United States."  The district court overruled the objection, stating "I have my reservations about the whole supervised release system in these cases, and I understand where you're coming from, but objection is noted."  Benitez-Espinoza now appeals.

The Government contends that this appeal is barred by the appeal waiver in the sentencing agreement.  Benitez-Espinoza argues that the waiver is invalid because at sentencing the district court did not verify that he had understood the appeal waiver and instead informed him that he had the right to appeal his sentence.  He also contends that the Government improperly induced the waiver by threatening to withhold a motion for the third acceptance point despite his timely guilty plea.  We have not previously addressed the validity of appeal waivers in post-plea sentencing agreements nor the appropriate standard of review for challenges to those provisions, although our sister circuits have held that they are enforceable. *See, e.g.*, *United States v. Cheney*, 571 F.3d 764, 766–67 (8th Cir. 2009).  Nevertheless, because we conclude that Benitez-Espinoza's appellate arguments fail, we pretermit the issue of the waiver's enforceability. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).

2

No. 11-11188

On appeal, Benitez-Espinoza challenges only the imposition of the term of supervised release in light of U.S.S.G. § 5D1.1(c).  As noted above, the PSR, which was prepared in October 2011, provided that the guidelines term of supervised release under U.S.S.G. § 5D1.2(a)(2) was two to three years. Effective November 1, 2011, however, U.S.S.G. § 5D1.1 was amended to provide that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  U.S.S.G. § 5D1.1(c).  Benitez-Espinoza's PSR was not amended after this change to the guidelines.

Benitez-Espinoza argues that the district court erroneously adopted a PSR that wrongly stated the guidelines' position on supervised release.  He contends that because the district court expressed reservations about supervised release in immigration cases, there is a strong possibility that the court would not have imposed a supervised release term had the court known the true guidelines recommendation on the issue.

Although Benitez-Espinoza objected to the imposition of the term of supervised release at sentencing, he did not raise § 5D1.1(c) with the district court even though the guideline had been amended more than one month before the sentencing hearing.  We therefore review his argument only for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327–28 (5th Cir. 2012). Under this standard, Benitez-Espinoza must show (1) an error, (2) that is clear or obvious, (3) that affected his substantial rights, and (4) that we should exercise our discretion to correct the error.  *See id.* at 328; *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009).  We will exercise our discretion to correct a plain error "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Puckett*, 556 U.S. at 135, 129 S. Ct. at 1429 (internal quotation marks, alteration, and citation omitted).

3

No. 11-11188

To the extent that the district court may have overlooked U.S.S.G. § 5D1.1(c) and applied the 2010 version of the Sentencing Guidelines, there was a clear and obvious error. *See Dominguez-Alvarado*, 695 F.3d at 328 ("A district court must apply the Guidelines version in effect at the time of sentencing."). However, Benitez-Espinoza cannot meet the remaining requirements for reversal under plain error review by showing an effect on his substantial rights or that we should exercise our discretion to correct any error.

In order to meet the third prong of the plain-error test, Benitez-Espinoza must show "a reasonable probability that, but for the error, he would have received a lesser sentence." *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012). We have held that U.S.S.G. § 5D1.1(c)'s recommendation that a term of supervised release "ordinarily" should not be imposed on a deportable alien is "hortatory, not mandatory." *Dominguez-Alvarado*, 695 F.3d at 329. Thus, the district court here retained discretion to impose a term of supervised release. Indeed, a court should "consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S.S.G. § 5D1.1(c), cmt. n.5.

Benitez-Espinoza argues that the district court's expression of reservations about supervised release in similar cases means there is a reasonable probability the district court would not have imposed supervised release had it been aware of § 5D1.1(c). We are not convinced. The district court indicated that it was considering all the factors of 18 U.S.C. § 3553(a) as part of its sentencing decision, and the court specifically stated that it wanted to make sure the sentence promoted respect for the law and was a deterrent to others. *See Dominguez-Alvarado*, 695 F.3d at 329–30 (holding that where the district court was not asked to consider § 5D1.1(c) but nevertheless stated that it had considered the § 3553(a) factors, including the need for deterrence, "this

4

particularized explanation and concern would justify imposition of a term of supervised release"). Furthermore, Benitez-Espinoza questioned the deterrent effect of supervised release by objecting that it would not increase the likelihood that he would not return to this country; yet, the district court was unpersuaded and still imposed a term of supervised release even though it knew that the guidelines were advisory. The district court's statement about supervised release generally was, at best, ambiguous, which is insufficient to satisfy Benitez-Espinoza's burden to show a reasonable probability that the court would not have imposed supervised release in this case. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009) ("[T]he defendant must *prove* that the error affected the sentencing outcome." (emphasis added)); *see also United States v. Jones*, 444 F.3d 430, 443 (5th Cir. 2006) (holding that defendant failed to show reasonable probability of a lesser sentence where "[a]t best, the record indicates that it is equally plausible that the district court would have imposed the same sentence as it is plausible that the court would not have"). Benitez-Espinoza has not shown "that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004) (internal quotation marks and citation omitted).

Moreover, even if the error affected Benitez-Espinoza's substantial rights, this is not "the rare case" in which we would choose to exercise our discretion to correct the error. *Hebron*, 684 F.3d at 559. We conclude that any error here did not affect the fairness, integrity or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135, 129 S. Ct. at 1429; *see also United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009) ("[E]ven if an increase in a sentence be seen as inevitably 'substantial' in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings."). When imposing the term of supervised release in this case, the district court noted that

No. 11-11188

"[o]bviously the supervised release should likely not be something you will have to worry about because you will be deported and not in the country and therefore not subject to it."  Defense counsel argued forcefully to the district court that Benitez-Espinoza had learned his lesson, that he did not want to end up back in prison for returning to the United States, and that because his family lived in Mexico "[t]he pull to come back to this country for him is very close to nonexistent."  Benitez-Espinoza also personally assured the district court in his sentencing colloquy that he would not return to this country.  We take Benitez-Espinoza at his word.  We thus conclude that the imposition of the supervised release term, even if error, does not implicate the fairness of the judicial proceedings and no miscarriage of justice will result if we decline to notice the error.  *See United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993); *see also United States v. Delgado*, 672 F.3d 320, 330 (5th Cir. 2012) (en banc).

AFFIRMED.