**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 11-51061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 4, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAMON ERNESTO MACIAS-ROMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1594-1

Before JONES, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramon Ernesto Macias-Roman appeals the sentence imposed following his guilty-plea conviction for unlawful reentry into the United States following removal. Macias contends the district court erred by failing to allow 35 days between the issuance of the presentence investigation report (PSR) and sentencing, as required by Federal Rule of Criminal Procedure 32(e)(2).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Macias neither objected, nor affirmatively agreed, to the sentencing hearing's being held fewer than 35 days after he received the PSR. Thus, although Macias forfeited the error and review is only for plain error, he did *not* waive the error. *See United States v. Puckett*, 505 F.3d 377, 383 n.1 (5th Cir. 2007). Under the plain-error standard, Macias must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Macias asserts the district court committed clear or obvious error when it held the sentencing hearing fewer than 35 days after the issuance of the PSR. He maintains the claimed error affected his substantial rights because the new Guideline § 5D1.1(c), which advises "[t]he court ordinarily should not impose a term of supervised release . . . [where] . . . the defendant is a deportable alien" like Macias, would have been in effect at the time of his sentencing if the proper 35 days had passed. He notes that the district court gave no indication that it would have imposed a term of supervised release if the new § 5D1.1(c) had been in effect because: the district court made no determination that supervised release would add a measure of deterrence and protection; and the sole explanation for the sentence was that Macias did not have to return to the United States and that the sentence would be an advisory Guidelines range sentence. Macias contends the error affects the fairness of judicial proceedings, claiming illegal-reentry defendants no longer receive supervised release terms

in the ordinary course, and Macias received a supervised release term only because his attorney did not object to an obvious error.

The PSR was prepared on 30 September 2011. The district court held a sentencing hearing 25 days later, on 24 October 2011, a violation of the 35-day requirement. *See* FED. R. CRIM. P. 32(e)(2). As the Government concedes, holding that hearing 25 days after Macias received the PSR, instead of the required 35 days, was clear or obvious error. *See* FED. R. CRIM. P. 32(e)(2).

Although normally such an error does not affect a defendant's substantial rights, the decision to hold the sentencing hearing on 24 October 2011, as opposed to 4 November 2011, the earliest date allowed by the rule, meant that the court sentenced Macias under the older version of § 5D1.1 rather than the newer version, which went into effect on 1 November 2011. We assume *arguendo* that the error affected Macias' substantial rights.

Nevertheless, we decline to exercise our discretion to correct the error. We only exercise our discretion to correct a forfeited error in a "rare case", where the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2009) (internal quotation marks, alteration, and citation omitted). Although Macias correctly asserts that many illegal-reentry defendants no longer receive terms of supervised release, Macias will nevertheless face *no* negative consequences from the imposition of the non-reporting supervised release unless he illegally returns to the United States. *See, e.g.*, *United States v. Benitez-Espinoza*, 11-11188, 2013 WL 3227041, at *3 (5th Cir. Apr. 8, 2013) (per curiam) (unpublished) (determining the imposition of a supervised release term on the defendant, even if error, did not implicate the fairness of judicial proceedings when the error would only affect the defendant if he returned illegally to the United States); *United States v. Chavez-Trejo*, 12-40006, 2013 WL 3285545, at *4 (5th Cir. Apr. 3, 2013) (per curiam) (unpublished) (concluding a term of supervised release imposed on an illegal-reentry defendant under an incorrect

interpretation of the advisory Guidelines did not affect the fairness, integrity, or public reputation of judicial proceedings when "[w]hether supervised release is imposed or not also does not now impact [the defendant] himself and it may never do so").

AFFIRMED.