# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40868
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOHAMED LAYE DIOUBATE,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CR-40

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Mohamed Laye Dioubate of possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). The district court sentenced him to 33 months of imprisonment and a three-year term of supervised release. Dioubate challenges the traffic stop and subsequent search of his vehicle, contending that officers illegally detained him while waiting for the K-9 unit to arrive on the scene. He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40868

that the government failed to establish that the dog was qualified to conduct a sniff search of the exterior of the vehicle or that the dog's false alert provided probable cause for such a search.  Dioubate also contends that the district court erred by permitting a Secret Service agent to testify as an expert in the use and interpretation of a magnetic card reader.

In reviewing the denial of a motion to suppress, we address the district court's conclusions of law de novo and its findings of facts, including credibility determinations, for clear error, viewing the evidence in the light most favorable to the government.  *United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir. 2010).  We have held, however, that the "failure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal."  *United States v. Scroggins*, 599 F.3d 433, 448 (5th Cir. 2010) (internal quotation marks and citation omitted).

Dioubate did not raise the challenges to the extended traffic stop and K-9 sniff search in the district court, so he has waived those issues on appeal.  *See id.*  For "good measure," however, we shall consider them issues under the plain error standard of review.  *See id.*; *see also United States v. Baker*, 538 F.3d 324, 328-29 n.1 (5th Cir. 2008).

The arresting officer testified that (1) neither Dioubate nor his passenger could provide the address of their ultimate destination, (2) the passenger refused to make eye contact with the officer, was breathing heavily, and could not provide identification, and (3) Dioubate exhibited signs of anxiety during questioning by the officer.  As the totality of the circumstances provided reasonable suspicion that Dioubate might have been involved in criminal activity, the officers did not violate his Fourth Amendment rights by detaining him until the K-9 unit arrived on the scene.  *See United States v. Arvizu*, 534 U.S. 266, 274 (2002); *United States v Pack*, 612 F.3d 341, 345-46, 361 (5th Cir.

No. 14-40868

2010). Dioubate has not shown any error, plain or otherwise, related to the extended traffic stop and the delay in waiting for the K-9 unit to arrive. *See Pack*, 612 F.3d at 361-62. Dioubate's challenge to the qualifications of the K-9 was a factual issue that could have been resolved if he had raised it properly in the district court, so he cannot succeed on plain error review. *See United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001). Even assuming we were at liberty to review the fact issue for plain error, Dioubate has neither demonstrated that the purported effort is plain nor established why the error warrants discretionary relief under the fourth prong of plain error review. *See United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009) (holding that error "does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings"); *see also United States v. Chavez-Trejo,* 533 Fed. Appx. 382, 385 (5th Cir. 2013) (unpublished) (refusing to correct plain error when the complaining party made no showing as to prong four).

We review a trial court's evidentiary ruling for abuse of discretion, subject to harmless error review. *United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012). The Secret Service agent's opinion regarding the reliability of the magnetic card reader was based on personal experience and not on scientific or technical knowledge. The district court did not abuse its discretion in allowing the agent to testify as a lay witness. *See id.*; FED. R. EVID. 701. Moreover, any error was harmless because there was not a reasonable probability that the conviction turned on the agent's testimony, given the other strong evidence of Dioubate's guilt. *See United States v. Mendoza-Medina*, 346 F.3d 121, 127 (5th Cir. 2003).

The judgment of the district court is AFFIRMED.

3