# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51311
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

ELISEO CESPEDES-VARGAS,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1222-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Eliseo Cespedes-Vargas appeals his three-year term of supervised

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release ("SR").  He contends that it is substantively unreasonable because the district court did not account for the Sentencing Commission's recommendation in U.S.S.G. § 5D1.1(c) that ordinarily no term of SR should be imposed on deportable aliens.  Because Cespedes-Vargas did not object to the imposition of SR, review is limited to plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).

Under U.S.S.G. § 5D1.1, a "court ordinarily should not impose a term of [SR] in a case in which [SR] is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  § 5D1.1(c).  Section 5D1.1(c) is advisory, and a district court discharges its duties under § 5D1.1(c) by considering the applicable 18 U.S.C. § 3553(a) factors of deterrence and protection and by imposing a reasoned and individualized sentence under the circumstances.  *United States v. Becerril-Pena*, 714 F.3d 347, 350−51 (5th Cir. 2013); *Dominguez-Alvarado*, 695 F.3d at 329.

Although the district court did not give specific reasons for imposing SR, it pointed out that Cespedes-Vargas had two prior convictions, including a serious felony conviction and an immigration offense; that he had been deported twice; and that he had returned to the United States shortly after his last deportation in 2014.  The court's statements indicate that it was concerned about deterring Cespedes-Vargas from returning to the United States.  Cespedes-Vargas's "criminal record support[ed] a finding that the imposition of [SR] would provide an added measure of deterrence and protection based on the facts and circumstances" of the case.  *United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013) (internal quotation marks and citations omitted).  Further, Cespedes-Vargas has not shown that any error affected his substantial rights.  *See id.* at 607−08; *see also United States v. Garcia-Lemus*, 509 F. App'x 324, 324 (5th Cir. 2013).  Because the district court stated that

No. 16-51311

the sentence was appropriate under the § 3553(a) factors, the imposition of SR was not clear or obvious error. *See Becerril-Pena*, 714 F.3d at 349, 351; *Dominguez-Alvarado*, 695 F.3d at 329–30; *see also* § 5D1.1, comment. (n.5).

AFFIRMED.