# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2013

Lyle W. Cayce
Clerk

No. 12-40252
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

ABELARDO NAVARRETE-REMBAO,

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1263-1

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

    Appellant, Abelardo Navarrete-Rembao ("Navarrete-Rembao"), pled guilty to illegal reentry in violation of 8 U.S.C. §§ 326(a) and (b)(2). The district court sentenced him at the bottom of the guidelines range to 51 months imprisonment. Represented by a Federal Public Defender, Navarete-Rembao made no objection to the sentence or the additional three year supervised release term.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40252

On appeal, he first objects that the term of supervised release, which failed to account for the newly issued sentencing guideline § 5D1.1(c)(stating that ordinarily, a term of supervised release should not be imposed on a deportable alien) amounted to an upward departure and should have been specifically addressed as such both procedurally and substantively.  Following this court's recent decision, his appeal brief concedes, these arguments are foreclosed. *United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). Consequently, there is no error, much less plain error that is the applicable test here, on these arguments.

In his reply brief only, appellant makes the broader assertion that the court's failure to specifically explain the term of supervised release was reversible plain error.  This court does not consider arguments raised for the first time in reply briefs.  *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).  Even if we did so, we would find no plain error because the within-guidelines sentence, even as to supervised release, does not affect his substantial rights or seriously affect the fairness, integrity or public reputation of judicial proceedings.  If Navarrete-Rembao is deported again, supervised release will have no practical effect on him.

Appellant's additional issue seeking a third-level reduction in his sentencing level is foreclosed, as he concedes, by *United States v. Newsom*, 515 F.3d 374, 378 (5th Cir. 2008).

**AFFIRMED.**