# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51002
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HUGO ARCINIEGA-RODRIGUEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1317-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Hugo Arciniega-Rodriguez (Arciniega) pleaded guilty to being a previously deported alien who was found in the United States without permission in violation of 8 U.S.C. § 1326. For the first time on appeal, he argues that the district court plainly erred by imposing a term of intermittent confinement as a "self-effectuating" condition of his non-reporting supervised release. Our review is for plain error.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

No. 13-51002

Under 18 U.S.C. § 3583(d), a district court may order, as a condition of supervised release, any condition set forth in 18 U.S.C. § 3563(b), including that the defendant "remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release."[2]   However, this condition may be "imposed only for a violation of a condition of supervised release in accordance with [the rules governing the modification or revocation of supervised release] and only when facilities are available."[3]

Under plain-error review, relief is not warranted unless there has been error, the error is clear or obvious, and the error affected substantial rights.[4] Further, this court should exercise its discretion to correct plain error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[5]

"[L]egal error must be clear or obvious, rather than subject to reasonable dispute."[6] Arciniega has not shown that the district court's written judgment contained a clear or obvious error.[7] Arciniega also has not shown an error that affected his substantial rights, or that seriously affects the fairness, integrity,

---

[2] 18 U.S.C. § 3563(b)(10).

[3] 18 U.S.C. § 3583(d)(3); *see also* U.S.S.G. § 5F1.8 (noting that "intermittent confinement" may be imposed during the first year of supervised release, but "only for a violation of a condition of supervised release").

[4] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[5] *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)) (internal quotation marks omitted).

[6] *Id.*; *see also United States v. Hernandez-De Aza*, 536 F. App'x 404, 408 (5th Cir. 2013) (per curiam).

[7] *See Puckett*, 556 U.S. at 135.

No. 13-51002

or public reputation of judicial proceedings.[8]  The possibility that the Bureau of Prisons will misinterpret the district court's written judgment as requiring Arciniega to serve a term of intermittent confinement immediately upon beginning his term of supervised release is entirely speculative and remote.[9] Further, an immigration detainer has been lodged, and Arciniega will be placed in removal proceedings upon final disposition of the instant offense.  He thus faces no negative consequences from the imposition of the condition of non-reporting supervised release unless he illegally returns to the United States.[10]

AFFIRMED.

---

[8] *Id.*

[9] *Cf. United States v. Hatton*, 539 F. App'x 639, 639 (5th Cir. 2013) (per curiam) (affirming the district court's denial of an imprisoned defendant's challenge to supervised release condition because it was "too speculative").

[10] *See, e.g.*, *United States v. Macias-Roman*, 539 F. App'x 500, 501-02 (5th Cir. 2013) (per curiam); *United States v. Chavez-Trejo*, 533 F. App'x 382, 384-85 (5th Cir. 2013) (per curiam).