# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO FIGUEROA-MUNOZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-2365

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alejandro Figueroa-Munoz (Figueroa) pleaded guilty to illegal reentry to the United States subsequent to deportation and to misuse of a passport. For the first time on appeal, he argues that the district court plainly erred by imposing a term of intermittent confinement as a condition of his non-reporting supervised release. The Government moves for summary affirmance, or, alternatively, for an extension of time within which to file a brief, contending

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50334

that Figueroa's argument is foreclosed by this court's recent unpublished decision in *United States v. Arciniega-Rodriguez*, 581 F. App'x 419 (5th Cir. 2014).

Because the district court announced the challenged condition at sentencing and Figueroa did not object, our review is for plain error only. *See United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010). Under plain error review, relief is not warranted unless there has been error, the error is clear or obvious, and the error affected substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Further, we should exercise our discretion to correct plain error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Pursuant to 18 U.S.C. § 3583(d), a district court may order, as a condition of supervised release, any condition set forth in 18 U.S.C. § 3563(b). Section 3563(b) includes that the defendant "remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release[.]" § 3563(b)(10).

"[L]egal error must be clear or obvious, rather than subject to reasonable dispute." *Id.* at 135; *see also United States v. Hernandez-De Aza*, 536 F. App'x 404, 408 (5th Cir. 2013). Figueroa has not shown that the district court's written judgment contained a clear or obvious error. *See Puckett*, 556 U.S. at 135. Figueroa also has not shown that any error affected his substantial rights, or seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* "The possibility that the Bureau of Prisons will misinterpret the district court's written judgment as requiring [a defendant] to serve a term of intermittent confinement immediately upon beginning his term of

No. 14-50334

supervised release is entirely speculative and remote." *Arciniega-Rodriguez*, 581 F. App'x at 420-21. In addition, Figueroa is subject to an immigration detainer and will be placed in removal proceedings upon final disposition of the instant sentence. He therefore faces no negative consequences from the imposition of intermittent confinement as a condition of his non-reporting supervised release unless he illegally returns to the United States. *Id.*; *see also United States v. Chavez-Trejo*, 533 F. App'x 382, 386 (5th Cir. 2013).

Despite this court's recent decision in *Arciniega-Rodriguez*, the Government has not demonstrated that the issues presented in this appeal are appropriate for summary affirmance. *See United States v. Holy Land Found. For Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is DENIED; its alternative motion for an extension of time to file a brief is also DENIED.