# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50986

United States Court of Appeals
Fifth Circuit

**FILED**
September 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE ALFREDO MAGANA, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2165-1

Before JONES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Defendant–Appellant Jose A. Magana, Jr. appeals his sentence, arguing the district court committed reversible plain error by subjecting him to a term of intermittent confinement as a mandatory condition of his supervised release. Because Magana has not demonstrated that his appeal is ripe for review, we DISMISS for lack of jurisdiction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50986

## I. BACKGROUND

Magana pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to a within-Guidelines range of 84 months of imprisonment and a three-year term of supervised release. The district court at sentencing announced that Magana's term of supervised release included "the special condition that [he] submit to up to one year of intermittent confinement at the direction of the Court pursuant to law." *See* 18 U.S.C. § 3563(b)(10). Magana objected to the substantive reasonableness of his sentence but did not object to the conditions of his supervised release. This appeal followed.

## II. DISCUSSION

Under 18 U.S.C. § 3583(d), a district court may order, as a "condition of supervised release, . . . any condition set forth as a discretionary condition of probation in [18 U.S.C. § 3563(b)]." One such discretionary condition is a term of intermittent confinement pursuant to § 3563(b)(10), which requires a defendant to "remain in the custody of the Bureau of Prisons [("BOP")] during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release." 18 U.S.C. § 3563(b)(10). However, a term of intermittent confinement "may be 'imposed only for a violation of a condition of supervised release in accordance with [the rules governing the modification or revocation of supervised release] and only when facilities are available.'" *United States v. Arciniega-Rodriguez*, 581 F. App'x 419, 420 (5th Cir. 2014) (per curiam) (alteration in original) (quoting 18 U.S.C. § 3583(d)(3)); *see also* U.S.S.G. § 5F1.8.

Magana argues that the district court committed reversible plain error because it "ordered that the first year of Magana's supervised release be served in some form of 'intermittent confinement'" even if no "supervised-release

2

violation was alleged and adjudicated" as required under § 3583(d)(3). The Government counters that Magana's appeal is not ripe for review because, contrary to Magana's assertions, any term of intermittent confinement is in fact contingent upon "a future allegation that [Magana] committed a violation of supervised release during the first year of his term" of supervised release.

Because Magana did not object at sentencing to the conditions of his supervised release, plain error review would apply to the substantive merits of his challenge to those conditions on appeal. *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016). However, "[r]ipeness is a component of subject matter jurisdiction, because a court has no power to decide disputes that are not yet justiciable." *Lopez v. City of Houston*, 617 F.3d 336, 341 (5th Cir. 2010). Accordingly, whether Magana's claim is ripe is a jurisdictional issue we review de novo. *See United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014).

"[T]he ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2010) (alteration in original) (quoting *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)). "A claim is not ripe for review if 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Our case law has distinguished between ripe and unripe challenges to special conditions of supervised release where, as here, a defendant has not yet begun his or her term of supervised release. If the strictures of a condition are patently mandatory—i.e., their imposition is "not contingent on future events"—then a defendant's challenge to that condition is ripe for review on appeal. *Id.*; *see also, e.g.*, *United States v. Paul*, 274 F.3d 155, 164–66 (5th Cir. 2001) (reviewing a challenge to the legality of a special condition "requiring

No. 15-50986

[the defendant] to avoid contact" with minors). An appeal, however, is not ripe if it is "a matter of conjecture" whether the requirements of the condition will take effect. *Carmichael*, 343 F.3d at 761–62; *see also, e.g.*, *United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013) (per curiam) (holding a challenge to a special condition that included "the possibility" that the defendant "might be required to submit to psychotropic medication and psycho-physiological testing" was "not ripe for review").

Our decision in *Carmichael* is instructive. In that case, the district court imposed a "mandatory condition of supervised release" that "required that . . . the probation officer be allowed to collect DNA" from the defendants pursuant to the DNA Analysis Backlog Elimination Act of 2000. *Carmichael*, 343 F.3d at 757, 759. We held that the defendants' constitutional challenge to this special condition was not ripe because the defendants would only "be required to submit to sampling during supervised release" if the BOP "fail[ed] to execute its statutorily-imposed duty to collect the sample" while they were imprisoned. *Id.* at 761. As we explained, "the possibility of DNA sampling during supervised release [was] speculative" given that it would require the BOP to "flout[] multiple layers of legal obligations placed upon it." *Id.*

Here, we hold that Magana's appeal is not ripe for review because the record does not support his argument that he will automatically be subject to a term of intermittent confinement upon release. Rather, as the district court pronounced at sentencing, Magana would "submit" to a term of intermittent

4

confinement only "at the direction of the Court pursuant to law."[1] The law, however, includes the aforementioned limitation, 18 U.S.C. § 3583(d), that any term of intermittent confinement be "imposed only for a violation of a condition of supervised release." Section 3583(d) also incorporates the requirements of 18 U.S.C. § 3583(e)(2), which provide that any modification of the terms of supervised release comply with the Federal Rules of Criminal Procedure. 18 U.S.C. § 3583(d), (e)(2). Thus, Magana's challenge is not ripe for review because it is based upon speculation that the district court, or the BOP, will disregard the "legal obligations placed upon it." *Carmichael*, 343 F.3d at 761.

Further, we have previously rejected the argument that the district court erred by imposing "a term of intermittent confinement as a 'self-effectuating' condition" of a defendant's supervised release. *Arciniega-Rodriguez*, 581 F. App'x at 420; *accord United States v. Figueroa-Munoz*, 592 F. App'x 336, 336 (5th Cir. 2015) (per curiam). In these cases, we held that "[t]he possibility that the [BOP] will misinterpret" a district court's sentence "as requiring [the defendant] to serve a term of intermittent confinement immediately upon beginning his term of supervised release is entirely speculative and remote." *Arciniega-Rodriguez*, 581 F. App'x at 420–21; *accord Figueroa-Munoz*, 592 F.

---

[1] In his reply brief, Magana argues that the imposition of intermittent confinement is not contingent on future events because the "written judgment states that Magana will be intermittently confined during the first year of his supervised release." To the extent Magana argues that the district court's written statement varied from its oral pronouncement regarding his conditions for supervised release, this argument is waived because it was raised for the first time in his reply brief. *See United States v. Heacock*, 31 F.3d 249, 259 n.18 (5th Cir. 1994). Moreover, we disagree with his reading of the written judgment. The written judgment tracks the district court's oral statement by providing that Magana would be subject to intermittent confinement "as directed by the Court." While the written judgment does not include the qualifier "pursuant to law" that the district court included orally at sentencing, this difference in phrasing is immaterial. District courts are "presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

No. 15-50986

App'x at 337.[2] This reasoning applies with equal force in this case, as Magana's argument relies on the unfounded premise that the district court, or the BOP, will act unlawfully in the future.

### III. CONCLUSION

Accordingly, because Magana's appeal is not yet ripe for review, we DISMISS for lack of jurisdiction.

---

[2] *Arciniega-Rodriguez* cited to our decision in *United States v. Hatton*, 539 F. App'x 639 (5th Cir. 2013) (per curiam), which, in turn, relied upon *Carmichael*. *See Hatton*, 539 F. App'x at 639.