# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES CORRAL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1183-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andres Corral pleaded guilty to concealment of goods for illegal export, in violation of 18 U.S.C. § 554, attempted illegal export of goods, also in violation of § 554, and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922. Corral was sentenced within the advisory guidelines range to 51 months of imprisonment and three years of supervised release for each offense, to be served concurrently. During the oral pronouncement of Corral's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, the district court stated that Corral was required to "abide by the special condition that [he] submit to up to one year of intermittent confinement pursuant to law as directed by the Court." The written judgment mandated as follows:

> The defendant shall remain in the custody of the Bureau of Prisons during nights, weekends, or other intervals of time, totaling no more than the lesser of one year or the term of imprisonment authorized for the offense, during the first year of the term of probation or supervised release as directed by the Court.

Corral, who has not yet been released on supervision, argues on appeal that the district court committed plain error by imposing this special condition because 18 U.S.C. § 3583(d) and U.S.S.G. § 5F1.8 explicitly state that the condition may be imposed only after a violation of a condition of supervised release. He contends that the district court imposed the condition "as part of the original term of supervised release, rather than as a result of a violation of a condition of supervised release." The Government argues that Corral's argument is not ripe for review.

Because ripeness is a component of subject matter jurisdiction, we review de novo the issue whether Corral's challenge to the supervised release condition is ripe for review. *United States v. Magana*, ___ F.3d___, No. 15-50986, 2016 WL 4784024, 1 (5th Cir. Sept. 13, 2016).

Because we are bound by our previous decision in *Magana*, we must determine that Corral's argument is not yet ripe for review. *See Magana*, 2016 WL 4784024, 2-3 (holding that Magana's argument was based on mere speculation that the district court or Bureau of Prisons would disregard the legal obligations required under 18 U.S.C. § 3583(d) and (e)(2)). Corral argues that his challenge is ripe for review because the intermittent confinement condition is contingent upon an event that will occur—the start of Corral's

supervised release term—not on a future court decision in a speculative revocation proceeding.  He argues that the district court's use of the term "pursuant to law" only shows the court believed it had authority to impose the condition in the manner it did, not that the court did not err in doing so. The words "as directed by the Court" do not imply that the court will have a decision to make in the future. These arguments, however meritorious, are foreclosed by our previous decision in *Magana*. Accordingly, Corral's appeal is DISMISSED for lack of jurisdiction.