# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2019

Lyle W. Cayce
Clerk

No. 18-50668
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIEGO SANTOS-FERRUFINO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-64-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Diego Santos-Ferrufino was convicted of one charge of illegal reentry and sentenced to serve 21 months in prison and a three-year term of supervised release. In the sole issue he presents on appeal, he argues that there is a conflict between the oral pronouncement of sentence and the written judgment, as the former unconditionally waives the mandatory condition of supervised

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release requiring drug testing, while the latter conditions this waiver on his deportation.

The Government argues that this issue is not ripe. This argument is unavailing because Santos-Ferrufino is not challenging the drug testing condition itself but instead argues that the discrepancy between the oral pronouncement of sentence and the written judgment infringes on his constitutional right to be present at sentencing. Thus, the injury complained of has occurred, and the claim is ripe for adjudication. *See United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016).

A defendant has a constitutional right to be present at sentencing. *United States v. Rivas-Estrada*, 906 F.3d 346, 350 (5th Cir. 2018). Thus, when there is a conflict between the court's oral pronouncement of sentence and the written judgment, the oral controls. *Id.* When considering the question whether there is a conflict between the two or an ambiguity, we ask whether the written judgment broadens the conditions of release and thus makes it more burdensome. *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006).

Here, the written judgment's requirement that Santos-Ferrufino submit to drug testing if he is not deported is more burdensome that the oral pronouncement and gives rise to a conflict. *See id.* Accordingly, we VACATE the judgment and REMAND to the district court with instructions to amend the written judgment to conform it to the oral pronouncement of sentence.