# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11423
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TIMOTHY BENZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-41-1

Before OWEN, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Timothy Benz appeals the sentence imposed following his guilty-plea conviction for enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  He challenges the district court's imposition of a special condition of supervised release requiring him to "refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11423

defendant is in compliance with the payment schedule." Benz contends that, because the district court's oral pronouncement omitted the phrase "unless the defendant is in compliance with the payment schedule," there is a conflict between the oral pronouncement of sentence and the written judgment, meaning that the oral pronouncement controls; he further argues that, by failing to properly limit the borrowing restriction to the payment of restitution in the oral pronouncement, the district court imposed an unjustified, wide-ranging ban on his borrowing capacity which constitutes a greater deprivation of liberty than is necessary to achieve the statutory goals of 18 U.S.C. § 3583(d).

Because Benz had the opportunity to object to the purportedly overbroad special condition at sentencing but failed to do so, plain-error review applies. *United States v. Rivas-Estrada*, 906 F.3d 346, 348-49 (5th Cir. 2018). Under that standard, Benz must demonstrate a forfeited legal error that was "clear or obvious, rather than subject to reasonable dispute" and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the error if it seriously affected the integrity, fairness, or public reputation of the proceedings. *Id*.

Benz's argument that there is a conflict between the written judgment and oral pronouncement is not well-taken. The special condition imposed is recommended by the Guidelines when a defendant is ordered to pay restitution pursuant to an installment schedule. U.S.S.G. § 5D1.3(d)(2). Because Benz was ordered to pay restitution pursuant to an installment schedule, the circumstances of his case "meet[] the specific prerequisites enumerated" by § 5D1.3(d)(2), meaning that the recommended special condition was essentially a standard condition of supervised release and that there was no conflict between the oral pronouncement of sentence and the written judgment. *See*

No. 18-11423

*United States v. Torres-Aguilar*, 352 F.3d 934, 937 (5th Cir. 2003).  Thus, the written judgment merely clarified the oral pronouncement and properly tied the borrowing restriction to Benz's compliance with the restitution payment schedule.  *See id.*  Consequently, Benz fails to show any error, much less plain error, in connection with the district court's pronouncement of sentence or its written judgment.[1]  *See Puckett,* 556 U.S. at 135.

AFFIRMED.

---

[1] To the extent that Benz challenges the imposition of a special condition restricting his ability to borrow money, the claim is not ripe for review because it is entirely speculative whether he will be subject to the borrowing restriction as the restriction will apply only if he fails to comply with the restitution payment schedule following his release from custody.  *See United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016); *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003).