# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11465
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

MELISSA ANN CASTILLO,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:15-CR-17-5

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Melissa Castillo appeals the sentence imposed upon the revocation of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11465

supervised release ("SR") after her guilty-plea conviction of uttering and possessing counterfeit securities and aiding and abetting. She contends that the special condition of SR that requires her total abstinence from the use of alcohol is plainly unreasonable. As a preliminary matter, we decline the government's suggestion that Castillo's argument is not ripe for review, given that the abstinence condition that she challenges on appeal is patently mandatory and contains no discretionary language. *See United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016).

We review Castillo's challenge to the abstinence condition for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under plain-error review, Castillo must show a forfeited legal error that was "clear or obvious, rather than subject to reasonable dispute," and that affected her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does so, this court would have the discretion to correct the error if it seriously affected the integrity, fairness, or public reputation of judicial proceedings. *Id.*

The district court has wide discretion to impose any special condition of SR it considers appropriate. *See United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004). Given Castillo's documented substance abuse, whether the court erred in imposing the alcohol abstinence condition is subject to reasonable dispute. Accordingly, even if the court erred, any error is not clear or obvious. *See Puckett*, 556 U.S. at 135.

AFFIRMED.