# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-51027
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JON MARK JOHNSON,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CR-268-1

———————

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Jon Mark Johnson pleaded guilty to the possession of visual depictions of sexual activities by minors. On appeal, he challenges the imposition of two conditions of supervised release: a standard condition and a special condition.

First, Johnson challenges a standard condition that states, in pertinent part: "If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendant to notify the person about the risk and the defendant shall comply with that instruction." Johnson argues that the district court plainly erred by ordering this condition without explaining how it is reasonably related or narrowly tailored to the factors listed in 18 U.S.C. § 3583(d). Additionally, he argues that the condition impermissibly delegates authority to the probation officer.

Contrary to the Government's contention, Johnson's claims are ripe for review because, as to his first argument, the purported injury (the district court's inadequate explanation) has already occurred. *See United States v. Magana,* 837 F.3d 457, 459 (5th Cir. 2016). His improper delegation claim is likewise ripe. *See United States v. Morin*, 832 F.3d 513, 515-16 (5th Cir. 2016). Nonetheless, because we have not yet addressed whether a district court must explain its reasons for imposing standard conditions of release or whether the instant notification condition constitutes an improper delegation of judicial authority, Johnson has shown no clear or obvious error. *See United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019); *United States v. Bishop*, 603 F.3d 279, 281 & n.7 (5th Cir. 2010).

Johnson next challenges a special condition of release that prohibits him from having direct contact with children under the age of 18. Although the district court's oral pronouncement excluded Johnson's own children from this prohibition, the written judgment contains a typographical error, stating as follows: "The defendant shall not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, [including][not including] his/her own children, without the permission of the probation officer." The error is repeated in the next sentence of the condition. Johnson argues that the district court's oral pronouncement controls.

No. 18-51027

Again, contrary to the Government's contention, Johnson's challenge to the discrepancy between the district court's oral pronouncement of sentence and the written judgment is ripe for review because the injury, an infringement on Johnson's constitutional right to be present at sentencing, has already occurred. *See Magana*, 837 F.3d at 459; *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). Johnson is correct that the oral pronouncement controls. *See Torres-Aguilar*, 352 F.3d at 935.

Accordingly, we REMAND for the limited purpose of correcting the two above-mentioned errors in the judgment. *See* FED. R. CRIM. P. 36; *United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979). We otherwise AFFIRM.