# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2020

Lyle W. Cayce
Clerk

No. 18-11515

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

FERMIN HERRERA-ANGELES,

      Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-56-1

Before OWEN, Chief Judge, and SOUTHWICK and OLDHAM, Circuit Judges.

PER CURIAM:*

      Fermin Herrera-Angeles appeals the imposition of a special condition of supervised release prohibiting him from using alcohol and all other intoxicants. He also contends that the district court cited the wrong statute in describing the conviction in the written judgment. We vacate the judgment in part and remand to the district court for the limited purpose of correcting the statute of conviction. We otherwise affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11515

## I

Herrera-Angeles drove eight miles over the speed limit and, following a traffic stop, was discovered to be transporting nine undocumented aliens in the vehicle, a minivan, in exchange for financial compensation. He pleaded guilty, pursuant to a plea agreement, to one count of transportation of an illegal alien within the United States for private financial gain, an offense under 8 U.S.C. § 1324. The plea agreement contained a waiver of Herrera-Angeles's right to challenge the forfeiture of property but did not contain a waiver of his general right to appeal his conviction or sentence.

The PSR assessed a total offense level of 15, which included an enhancement under U.S.S.G. § 2L1.1(b)(6) because Herrera-Angeles's offense intentionally or recklessly created a substantial risk of death or serious bodily injury to another person. With no prior convictions, Herrera-Angeles had a criminal history category of I. His guidelines range was 18 to 24 months of imprisonment.

The parties had no objections to the PSR, and the district court adopted it without change. The district court sentenced Herrera-Angeles to 24 months of imprisonment and three years of supervised release. The sentence included two special conditions of supervised release, one prohibiting illegal reentry and a second (Special Condition 2) that provided, "The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision." Herrera-Angeles did not object to the sentence. He filed a timely notice of appeal.

The Federal Public Defender appointed on appeal moved to withdraw and filed a brief pursuant to *Anders v. California*.[1] Following an independent review of the record, we denied the motion and ordered counsel to file a brief

---

[1] 386 U.S. 738 (1967).

No. 18-11515

on the merits addressing whether Special Condition 2 was proper, whether the judgment misidentified the statute of conviction, and any other nonfrivolous issues that counsel deemed appropriate.

On December 17, 2019, we issued an opinion vacating Special Condition 2 as plainly erroneous and remanding the case to the district court to modify Special Condition 2 and correct the statute of conviction in the judgment.[2] We subsequently withdrew that opinion.[3] Herrera-Angeles was released from prison on February 6, 2020. He was removed from the United States on February 8, 2020.

## II

Plain error review applies to Herrera-Angeles's challenge to Special Condition 2 because he did not object to the special condition in the district court.[4] To establish plain error, Herrera-Angeles must show there is an error that "(1) was not intentionally relinquished or abandoned, (2) was plain, clear, or obvious, and (3) the error affected [his] substantial rights."[5] If those three conditions are met, we should exercise our discretion to correct the error if (4) "the error also 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"[6]

"District courts have broad discretion to impose special conditions of supervised release."[7] A district court may impose any condition it considers appropriate so long as it is reasonably related to the sentencing factors in 18

---

[2] *United States v. Herrera-Angeles*, No. 18-11515, 2019 WL 6883707 (5th Cir. Dec. 17, 2019), *withdrawn*, 788 F. App'x 951 (5th Cir. 2019).

[3] *United States v. Herrera-Angeles*, 788 F. App'x 951 (5th Cir. 2019).

[4] *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016).

[5] *United States v. Perez-Mateo*, 926 F.3d 216, 218 (5th Cir. 2019) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).

[6] *Id.* (quoting *Molina-Martinez*, 136 S. Ct. at 1343).

[7] *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018) (citing *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir. 2015)).

No. 18-11515

U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); does not involve a greater deprivation of liberty than is reasonably necessary to carry out the purposes of § 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and is consistent with relevant policy statements issued by the Sentencing Commission.[8]  The relevant Sentencing Commission policy statement recommends imposition of a special condition prohibiting the defendant from using or possessing alcohol "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol."[9]  District courts must provide factual findings to justify the imposition of special conditions of supervised release.[10]  However, when factual findings are absent, this court may still affirm a special condition if the district court's reasoning can be inferred from the record.[11]

In this case, the district court did not provide factual findings justifying Special Condition 2.  Additionally, the PSR did not mention the special condition, much less recommend that it be imposed.  Herrera-Angeles stated that he had never used alcohol or drugs.  Although he admitted that he was in the United States illegally, he had no prior criminal history, and his offense did not involve alcohol or other intoxicants.

The only mention of alcohol use in the PSR was Herrera-Angeles's disclosure that his father, who is deceased, was a physically-abusive alcoholic.  Section 3553(a) is applied on an individualized basis,[12] and his father's abuse of alcohol would not justify prohibiting Herrera-Angeles himself from using alcohol and all other intoxicants.  The record does not support a finding that Special Condition 2 is reasonably related to the relevant § 3553(a) factors.

---

[8] 18 U.S.C. § 3583(d); *Alvarez*, 880 F.3d at 239-40.

[9] U.S.S.G. § 5D1.3(d)(4); *accord United States v. Jordan*, 756 F. App'x 472, 472-73 (5th Cir. 2019).

[10] *Alvarez*, 880 F.3d at 240.

[11] *Id.*

[12] *See Gall v. United States*, 552 U.S. 38, 50 (2007).

No. 18-11515

Because the district court's imposition of Special Condition 2 was unexplained and not supported by the record, Herrera-Angeles has demonstrated error.[13] Furthermore, the error is clear or obvious, as it is not open to reasonable debate.[14]

Herrera-Angeles has also shown the error violated his substantial rights, satisfying prong three. But for the error, Herrera-Angeles "would not [be] subjected to the unwarranted special condition because no record evidence reveals any justification for the condition."[15] Additionally, the condition overly burdens Herrera-Angeles's personal freedom and creates an unwarranted perception that he has a problem with alcohol and intoxicants that requires a court-imposed restriction.[16]

However, we decline to exercise our discretion under prong four. The fourth prong is evaluated on "a case-specific and fact-intensive basis," rather than a per se approach.[17] In determining whether to exercise our discretion under the fourth prong, this court considers "the degree of the error and the particular facts of the case."[18] Here, the facts weigh against exercising our discretion.

Herrera-Angeles has been deported. Although this court has held that deportation does not render a challenge to a supervised release condition moot,[19] the effect of deportation on the plain error analysis appears to remain

---

[13] *See Alvarez*, 880 F.3d at 241; *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015).

[14] *See Alvarez*, 880 F.3d at 241; *see also United States v. Jordan*, 756 F. App'x 472, 473 (5th Cir. 2019).

[15] *Prieto*, 801 F.3d at 553.

[16] *See Alvarez*, 880 F.3d at 241; *Jordan*, 756 F. App'x at 473; *see also United States v. Gordon*, 838 F.3d 597, 605 (5th Cir. 2016).

[17] *Alvarez*, 880 F.3d at 242 (quoting *Prieto*, 801 F.3d at 554).

[18] *Prieto*, 801 F.3d at 554 (quoting *United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012)).

[19] *United States v. Heredia-Holguin*, 823 F.3d 337, 343 (5th Cir. 2016) (en banc).

an open question.[20]    In unpublished decisions, this court has repeatedly declined to exercise its discretion under the fourth prong for a deportable defendant because he will "face[] no negative consequences . . . unless he illegally returns to the United States."[21]    These arguments apply with even more force to a defendant who has already been deported.  Because Herrera-Angeles is no longer in the United States, "supervised release will have no practical effect on him" unless he re-enters.[22]  No probation officer will enforce the special condition against Herrera-Angeles while he is in Mexico.[23]

Special Condition 2 could affect Herrera-Angeles if he illegally reenters the United States,[24] which itself would violate a condition of his supervised release that he does not challenge.  Violation of the illegal reentry condition alone would result in revocation of Herrera-Angeles's supervised release.[25]  Although it is possible that Herrera-Angeles could face additional consequences for violating Special Condition 2, it is "hard to say" how violation of that condition would affect Herrera-Angeles.[26]  Any effect the condition might have on Herrera-Angeles is so minimal that a decision not to exercise our discretion to correct the error would not affect the fairness, integrity, or

---

[20] *See United States v. Heredia-Holguin*, 679 F. App'x 306, 312 n.5 (5th Cir. 2017) (declining to address whether a supervised release condition requiring abstention from the use of alcohol affected the substantial rights of a defendant who had been deported because he had otherwise failed to carry his burden with respect to that prong of plain error review).

[21] *United States v. Figueroa-Munoz*, 592 F. App'x 336, 337 (5th Cir. 2015); *see United States v. Arciniega-Rodriguez*, 581 F. App'x 419, 420-21 (5th Cir. 2014); *United States v. Macias-Roman*, 539 F. App'x 500, 501-02 (5th Cir. 2013) (collecting cases).

[22] *United States v. Chavez-Trejo*, 533 F. App'x 382, 386 (5th Cir. 2013) (per curiam) (quoting *United States v. Navarrete-Rembao*, 508 F. App'x 345, 345 (5th Cir. 2013) (per curiam)).

[23] *See Chavez-Trejo*, 533 F. App'x at 386.

[24] Because Herrera-Angeles was convicted of an aggravated felony, he is permanently barred from admission to the United States.  *See* 8 U.S.C. § 1182(a)(9)(A).

[25] *See* U.S.S.G. §§ 7B1.3(a)(1), 2L1.2.

[26] *United States v. Phipps*, 319 F.3d 177, 193 (5th Cir. 2003); *see also United States v. Mason*, 626 F. App'x 473, 475 (5th Cir. 2015).

public reputation of the judicial proceedings.

Moreover, Herrera-Angeles may move in the district court for modification of Special Condition 2 at any time pursuant to § 3583(e)(2). This court has remarked that "[a]lthough the modifiable nature of a special condition is not dispositive, a defendant faces an uphill battle when he seeks to convince [this court] that a modifiable condition 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[27]   This is because a modifiable condition creates a less significant deprivation of liberty than a condition that cannot be modified.[28]

The modifiable nature of the condition, which "weighs heavily" against this court exercising its discretion,[29] and the fact that Herrera-Angeles has been deported strongly indicate that we should not exercise our discretion to correct the error.  We therefore decline to vacate Special Condition 2.

### III

Herrera-Angeles also contends that the judgment should be corrected pursuant to Federal Rule of Criminal Procedure 36 with respect to a clerical error concerning the statute of conviction.  The judgment erroneously indicates that the statute of conviction was 18 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i), when the statute under which he was convicted was 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i).[30]   This court has authority to review clerical errors in a judgment for the first time on appeal and to remand for correction of such errors.[31]   The Government agrees that the judgment misstates the statute of

---

[27] *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (third alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[28] *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 404 (5th Cir. 2019), *as revised* (Sept. 11, 2019); *United States v. Mendoza-Velasquez*, 847 F.3d 209, 213 (5th Cir. 2017).

[29] *Prieto*, 801 F.3d at 554.

[30] *See* 8 U.S.C. § 1324.

[31] *United States v. Perez-Melis*, 882 F.3d 161, 168 (5th Cir. 2018).

No. 18-11515

conviction and should be reformed.  Therefore, we remand to correct the error.

\*       \*       \*

Accordingly, we REMAND to the district court for the limited purpose of reforming the judgment to reflect the proper statute of conviction and AFFIRM the judgment in all other respects.