# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2020

Lyle W. Cayce
Clerk

No. 20-20079
consolidated with
No. 20-20102
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Lawrence Gaderson, *also known as* LJ, *also known as* Head,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-134-1

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Lawrence Gaderson appeals his conviction and within-guidelines sentence for possession with intent to distribute a mixture or substance

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20079
c/w No. 20-20102

containing cocaine base. He contends that the district court erred by (1) denying his motion to suppress evidence and (2) assigning criminal history points under the Sentencing Guidelines for prior state convictions that he is presently challenging on collateral review.

"In reviewing a district court's denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Lopez-Moreno*, 420 F.3d 420, 429 (5th Cir. 2005) (citation omitted). Here, the district court concluded that the police's seizure of Gaderson and subsequent discovery of narcotics evidence on Gaderson's person were reasonable under the Fourth Amendment. In reaching this conclusion, the court determined that the police either had reasonable suspicion or probable cause that Gaderson engaged in narcotics distribution.

On appeal, Gaderson challenges only the determination that probable cause existed to arrest and search him. He does not dispute—at least not in more than a conclusory fashion—the district court's determinations that (1) sufficient reasonable suspicion of criminal activity existed to justify the investigatory stop at its inception, or (2) the stop, during which the challenged drugs were discovered, did not exceed its lawful scope.[1] *See United States v. Brigham*, 382 F.3d 500, 506–07 (5th Cir. 2004); *see generally Terry v. Ohio*, 392 U.S. 1, 30 (1968). Gaderson has thus waived appeal of the district court's reasonable suspicion finding. *See United States v. Reagan*, 596

---

[1] In a footnote, Gaderson avers that he "assumes for the sake of argument [his] conduct was suspicious," but states that he "does not concede that there was reasonable suspicion of criminal activity to detain him for further investigation." Gaderson provides no further argument or briefing on this subject.

No. 20-20079
c/w No. 20-20102

F.3d 251, 254 (5th Cir. 2010); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Further, Gaderson fails to show that the officers' use of drawn weapons, handcuffs, physical force, and verbal commands in detaining him was unreasonable under the circumstances so as to convert the *Terry* stop into an arrest requiring probable cause *ab initio*. *See United States v. Sanders*, 994 F.2d 200, 206–08 (5th Cir. 1993). To the contrary, the record contains extensive testimony about Gaderson's violent criminal history and the officers' concerns that Gaderson might be armed when they approached him. Accordingly, we affirm the district court's denial of the motion to suppress. *See Lopez-Moreno*, 420 F.3d at 429.

Finally, Gaderson's challenge to the calculation of his sentence is not ripe for review because he fails to show a sufficient likelihood that the Texas courts will set aside his challenged 2007 aggravated-assault convictions. *See United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003). We therefore lack jurisdiction to consider this issue. *See United States v. Magana*, 837 F.3d 457, 460 (5th Cir. 2016).

The judgment is AFFIRMED in part, and the appeal is DISMISSED in part for lack of jurisdiction.