# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2021

Lyle W. Cayce
Clerk

No. 20-30347
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DETRICH D. BYRD, ALSO KNOWN AS SNAKE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-25-11

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Detrich D. Byrd pleaded guilty to the unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). The district court sentenced him within the advisory guidelines range to 42 months of imprisonment and one year of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Byrd, who has not yet been released on supervision, argues on appeal that the sentence imposed exceeds the 48-month statutory maximum term of imprisonment for his offense. Specifically, he contends that the sentence potentially exposes him to a total period of incarceration of 54 months for the crime of conviction and therefore violates the Double Jeopardy Clause in the Fifth Amendment, the Sixth Amendment right to a jury trial, and the Eighth Amendment's prohibition against cruel and unusual punishment. The Government argues that Byrd's challenge is not ripe for review.

We review questions of ripeness de novo. *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016). Here, review of Byrd's arguments demonstrates that his appeal "rests upon contingent future events," i.e., the initiation of revocation proceedings under 18 U.S.C. § 3583(e)(3) and a revocation sentence in excess of six months, "that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotation marks and citation omitted); *see also United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003). Indeed, the speculative, hypothetical consequence underpinning Byrd's challenge is wholly contingent on his violating the conditions of his supervised release, a possibility he could avoid by complying with the district court's conditions. Accordingly, because the issue he raises is not ripe for review, the appeal must be dismissed for lack of jurisdiction. *See Magana*, 837 F.3d at 459-60.

DISMISSED.