# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2021

Lyle W. Cayce
Clerk

No. 19-50625
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Fernando Hernandez-Carrillo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-2957-1

Before Owen, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:*

Fernando Hernandez-Carrillo appeals his 96-month, below-guidelines range sentence for conspiracy to import 500 grams or more of methamphetamine, conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, and possession with intent to distribute 500

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

grams or more of methamphetamine. Hernandez-Carrillo contends that the district court erred by (1) denying him a downward adjustment based on his minor role in the offense and (2) imposing special conditions of supervised release requiring him to attend and complete parenting classes, perform 200 hours of community service, and undergo cognitive behavioral treatment in the event he is allowed to remain in the United States.

We affirm the denial of a minor role reduction. *See generally* U.S.S.G. § 3B1.2. In the district court, Hernandez-Carrillo failed to establish the culpability of the average participant in the drug conspiracy, let alone that he was *substantially* less culpable than that participant insofar as he helped to secure the participation of an undercover agent in the drug conspiracy and instructed the agent as to how the liquid methamphetamine would be concealed during transport in order to prevent its detection by law enforcement. *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). The court's finding, based on all the facts and extensive arguments before it, that Hernandez-Castillo did not warrant a minor role adjustment was not clearly erroneous. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).

Hernandez-Carrillo's challenge to the special supervised release conditions is not ripe for review. *See United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003). Because Hernandez-Carrillo is not a citizen and at least one of his convictions is for an aggravated felony, he is subject to both mandatory removal from and future inadmissibility to the United States. *See* 8 U.S.C. § 1227(a)(2)(A)(iii); *Barton v. Barr*, 140 S. Ct. 1442, 1453 (2020); *Lee v. United States*, 137 S. Ct. 1958, 1963 (2017). In addition, he will be subject to an immigration detainer, pending removal proceedings, upon his release from prison. *See* 8 U.S.C. § 1226(c)(1)(B). As a result, whether he will remain in the United States free of custody long enough to trigger the challenged special supervised release conditions is, at best, a matter of

No. 19-50625

conjecture. *See United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016). We therefore lack jurisdiction to consider this issue. *See id*.

The judgment is AFFIRMED IN PART, and the appeal is DISMISSED IN PART for lack of jurisdiction.