# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2021

Lyle W. Cayce
Clerk

No. 20-30360
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER JOE STAMPER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-33-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Christopher Joe Stamper pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). The district court sentenced him within the advisory guidelines range to 240 months of imprisonment and 10 years of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30360

Stamper, who has not yet been released on supervision, challenges a special condition of his supervised release. That condition states that Stamper "shall not participate in any voluntary activities requiring unsupervised contact with children under the age of 18 without the approval of the probation officer." He argues on appeal that this condition, to the extent that it restricts his access to his own children, (1) is unreasonably overbroad, (2) is a greater deprivation of his liberty than is necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a), (3) is not justified by the record facts, and (4) violates his constitutional right to maintain intimate human relationships. The Government argues that Stamper's challenge is not ripe for review.

We review questions of ripeness de novo. *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016). Here, review of Stamper's arguments demonstrates that his appeal "rests upon contingent future events," *i.e.*, his being released from prison while his children are still minors, his request for permission to have unsupervised access to his minor children, and the probation officer's denial of such permission, "that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotation marks and citation omitted); *see United States v. Carmichael*, 343 F.3d 756, 761-62 (5th Cir. 2003). Accordingly, because the issue Stamper raises is not ripe for review, the appeal is DISMISSED for lack of jurisdiction. *See Magana*, 837 F.3d at 459-60.