# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2021

No. 20-30601
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID CORTEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CR-296-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

David Cortez pled guilty to murder, in violation of 18 U.S.C. § 1111, and was sentenced to 350 months in prison followed by five years of supervised release. Cortez asserts that the district court abused its discretion when it imposed a special condition of his supervised release that makes him

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30601

"subject to financial disclosure throughout the period of supervised release," specifically requiring that he "report all household income to U.S. Probation as requested" along with "all requested financial documentation." He contends that this condition is not reasonably related to his offense because his offense did not involve money, and that the condition is unwarranted because he was not ordered to pay a fine or restitution, only a $100 special assessment. The Government asserts that Cortez's argument is not ripe for review.

The question of whether a claim is ripe has jurisdictional implications and receives de novo review. *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016). The record reflects that Cortez is not a citizen of the United States, and he agreed in his plea agreement to "immediate deportation and removal" after his term of imprisonment is complete. As a result, whether he will remain in the United States free of custody long enough to trigger the challenged special supervised release condition is, at best, a matter of conjecture. *See id.* at 459. His challenge to the condition is thus not ripe, and we therefore lack jurisdiction to consider Cortez's appeal.

The appeal is DISMISSED for lack of jurisdiction.