# United States Court of Appeals for the Fifth Circuit

---

No. 23-50082
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEVIN EDWARD HALL,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-154-1

---

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Devin Edward Hall pleaded guilty in 2020 to transporting an adult across state lines for the purpose of engaging in prostitution, in violation of 18 U.S.C. § 2421. His sentence includes 91-months' imprisonment and five-years supervised release. Hall, who has not been released on supervision,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50082

challenges a supervised-release special condition requiring him to "take any and all medications that are prescribed by the treating physician".

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Such *sua sponte* jurisdictional inquiry includes whether an issue is ripe for review. *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). Whether Hall's claim is ripe is reviewed *de novo*. *E.g.*, *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016).

"[T]he ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2010) (alteration in original) (citation omitted). "A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Magana*, 837 F.3d at 459 (citation omitted).

Hall's challenge to the condition is not ripe for review because it is "a matter of conjecture" whether he will ever be subjected to prescribed medication. *Id.* (citation omitted); *see also United States v. Carmichael*, 343 F.3d 756, 761–62 (5th Cir. 2003) (concluding supervised-release condition not ripe because condition was contingent on future events). If he is ever required to submit to such medication, Hall may petition the district court for a modification of the conditions of his release. *See* 18 U.S.C. § 3583(e)(2) (permitting modification of supervised-release conditions).

DISMISSED.