# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51212

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERIC PATON CARPENTER, also known as Eric Payton Carpenter,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-231

Before DAVIS, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Eric Paton Carpenter pleaded guilty to a single count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). The district court sentenced him to six years of prison and a lifetime term of supervised release.

Carpenter challenges the length of supervised release, as well as several special conditions imposed by the district court. Carpenter also contends that the written judgment should be amended because it conflicts in certain

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51212

respects with the oral pronouncement at sentencing. We uphold the lifetime term of supervised release and the challenged conditions, but remand so the district court can conform the written judgment to its original rulings.

## I.

Because Carpenter did not object to the length or conditions of his supervised release in the district court, we review for plain error. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To establish reversible plain error, Carpenter must show a forfeited error that is clear and obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he can do so, we may correct the error only if it seriously affected the fairness, integrity, or public reputation of the proceeding. *Id.*

## II.

Carpenter first argues that the district court erred by imposing a lifetime term of supervised release because, in his words, he "merely possessed child pornography (i.e., never produced or distributed it) and never engaged in any violent conduct."[1] We disagree. A rebuttable presumption of reasonableness applies to a sentence that—like the term of supervised release the district court imposed in this case—falls within the guidelines range. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Carpenter offers no compelling rebuttal to this presumption, and his reliance on *United States v. Alvarado*, 691 F.3d 592 (5th Cir. 2012), is misplaced. Unlike in *Alvarado*, there is no indication in this case that the district court "automatically defaulted to the imposition of a lifetime term." *Id.* at 598. The record demonstrates that the district court considered the facts and circumstances of Carpenter's case, noted his limited criminal history, and found that Carpenter committed a "serious crime," even

---

[1] Carpenter fails to explicitly state whether he is challenging the procedural or substantive reasonableness of the length of his supervised release. His arguments suggest a substantive reasonableness challenge, and the court analyzes his claim as such.

No. 13-51212

if he did not produce or distribute the child pornography he admittedly possessed.   The court also considered Carpenter's need for mental health treatment and the need to protect the public and potential victims.  The district court did not abuse its discretion, let alone plainly err, in imposing a lifetime term of supervised release.

## III.

Carpenter also challenges the following special conditions of his supervised release that prohibit him from: (1) "associat[ing] with any child . . . under the age of 18, except in the presence and supervision of an adult specifically designated in writing by the probation officer;" (2) "residing or going places where . . . minors are known to frequent without prior approval of the probation officer;" (3) "us[ing] any computer (whether or not equipped with a modem or access to the internet) at any location (whether or not at his place of employment, residence, or elsewhere) without the prior written permission of his probation officer" or "possess[ing] or us[ing] a phone with access to the internet;" and (4) "purchasing, possessing, or using any sexually stimulating or sexually oriented materials."

Although a sentencing court has broad discretion in imposing conditions of supervised release, the conditions must be reasonably related to:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need to afford adequate deterrence to criminal conduct, (3) the need to protect the public from further crimes of the defendant, and (4) the need to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

*United States v. Ferguson*, 369 F.3d 847, 852 (5th Cir. 2004) (internal quotation marks, alterations, and citations omitted); *see also* 18 U.S.C. §§ 3553(a)(1)–(2), 3583(d).  The conditions must also be narrowly tailored such that they do not involve a "greater deprivation of liberty than is reasonably necessary" to fulfill

3

the purposes set forth in Section 3553(a). *See United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009) (internal quotations omitted).

Carpenter argues that under this court's recent holding in *United States v. Duke*, 788 F.3d 392 (5th Cir. 2015), a lifetime ban prohibiting him from associating with children or residing or going places where minors are known to frequent is plainly erroneous. *Duke* held that an absolute lifetime ban on contact with children was unreasonably broad and not narrowly tailored. *Id.* at 403; *see also United States v. Scott*, No. 15-30516, slip op. at 11-14 (5th Cir. April 19, 2016) (vacating lifetime bans on computer and internet access and contact with minors and noting that district court could modify the bans to reduce their duration or condition them on probation-officer approval). Here, however, Carpenter may associate with minors or reside or go places where minors are known to frequent *as long as he has the prior approval of his probation officer. See Rodriguez*, 558 F.3d at 416 (finding that restriction prohibiting the defendant from interacting with minors except with approval of the probation officer was not overly broad when defendant was sentenced to only three years of supervised release). This distinction precludes a finding of plain error.

Carpenter also claims that the "association" restrictions are not reasonably related to his history and characteristics because he never "inappropriately communicated with any child" or had any "harmful physical contact with anyone." But the presentencing report ("PSR") as well as other information before the district court revealing concerns about Carpenter's interactions with children show that these special conditions were reasonably related to Carpenter's history and characteristics, the need to afford adequate deterrence, and the need to protect the public.

The same connection to the statutory sentencing factors exists for the special condition imposed on Carpenter's computer and phone usage.

No. 13-51212

Carpenter's offense involved using computers and the internet to download child pornography. This condition thus directly relates to the nature and circumstances of Carpenter's offense. Moreover, the ban against computer usage is not absolute, but merely requires written permission from Carpenter's probation officer.

Although the restriction on Carpenter's possession or use of a phone with internet access is absolute, we do not find it unduly burdensome. Carpenter argues that, in light of today's technology, this restriction will make it impossible for him to find a phone. But Carpenter fails to cite any evidence supporting his contention, nor did he object to this condition at sentencing.[2] We find no plain error.

Carpenter also fails to demonstrate plain error with respect to the prohibition against sexually stimulating or sexually oriented materials. Carpenter cites cases from other circuits in support of his argument that this ban is vague and overly broad. But this court has held that under a "commonsense reading," a supervised release condition precluding the possession of sexually oriented or sexually stimulating materials was not impermissibly vague. *See United States v. Phipps*, 319 F.3d 177, 193 (5th Cir. 2003).

For these reasons, the lower court did not plainly err in imposing the challenged conditions.

**IV.**

Finally, Carpenter argues that conflict exists between the oral pronouncement at sentencing and the written judgment. Because of a defendant's constitutional right to be present at sentencing, when the written

---

[2] The court notes that, to the extent technology changes and Carpenter can adequately demonstrate his inability to obtain a phone that does not have internet access, he may seek modification of this condition.

judgment conflicts with the oral pronouncement at sentencing, the oral pronouncement controls. *United States v. Bigelow*, 462 F.3d 378, 380–81 (5th Cir. 2006).

The judgment includes two special conditions that the district court did not orally impose. The first requires Carpenter to "participate in the computer restriction/monitoring program." The second applies if Carpenter is required to register under the Sex Offender Registration and Notification Act and requires him in that event to submit to a search of "his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time" if there is a "reasonable suspicion" that he violated a condition of his supervised release. Because these requirements are more burdensome than any similar standard conditions[3] that do not need to be announced at sentencing, the lack of oral pronouncement is problematic. *See Bigelow*, 462 F.3d at 383. We remand to the district court with instruction that these conflicting conditions be removed from the written judgment.

Carpenter also addresses a condition with the opposite problem: it was imposed at the sentencing hearing but not included in the judgment. It involves a prohibition on owning or possessing any type of camera, photographic device, and/or other electronic equipment, including video recording equipment, without approval of his probation officer. Carpenter argues its absence from the judgment could cause confusion. Finding that a conflict exists between the oral pronouncement and the written judgment, we

---

[3] There is no standard condition requiring participation in the computer restriction/monitoring program. There is, however, a standard condition related to searches. The standard search condition requires Carpenter to permit a probation officer to visit him at any time and confiscate any contraband observed in plain view of the probation officer. By contrast, the special condition at issue requires Carpenter to submit to searches of his person as well as numerous items based only on a standard of reasonable suspicion.

No. 13-51212

remand to the district court and instruct that the written judgment be conformed to the oral pronouncement and include this condition.

\* \* \*

We AFFIRM Carpenter's sentence of lifetime supervised release and the challenged special conditions. We REMAND so that the written judgment may be conformed to the oral pronouncement at sentencing.