# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2021

Lyle W. Cayce
Clerk

No. 19-10077

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WILLIAM BRIAN SMITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-220-1

Before OWEN, *Chief Judge*, and JOLLY and DENNIS, *Circuit Judges*.

PER CURIAM:*

William Brian Smith appeals his sentence, arguing that it is procedurally and substantively unreasonable and includes unpronounced conditions of supervised release. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10077

## I

Smith pleaded guilty to one count of receipt of a visual depiction of a minor engaged in sexually explicit conduct. The presentence report (PSR) calculated a Guidelines range of 97 to 121 months of imprisonment and recommended a range for supervised release of five years to life. In addition to the charged conduct, the PSR also set forth "Offense Behavior Not Part of Relevant Conduct," describing surreptitiously recorded images and videos of female adults and minors found on Smith's computer. The PSR characterized this conduct as "a pattern of predatory behavior" meriting an above-Guidelines sentence. Smith raised a number of objections to the PSR. One objection argued that "[t]here is no basis in the facts of this case that support[s]" the recommended lifetime term of supervised release, and noted that the Fifth Circuit has reversed the automatic imposition of such lifetime terms. At sentencing, the district court clarified Smith's objection regarding the term of supervised release:

> [THE COURT]: Okay. You're just saying you want -- you think it would be more appropriate for it to be 10 years, rather than life, but you're not taking a position that [Smith] could not receive a life term of supervised release?
>
> [DEFENSE COUNSEL]: That's correct, Judge. I'm just saying, just the blanket assumption that he should get life --
>
> [THE COURT]: Okay. Well, I don't take that as being a true objection. That's simply an argument you're making as to what the term of supervised release should be.

The district court ultimately adopted the PSR and its calculations.

Smith testified on his own behalf, expressing remorse for his actions and the harm they had caused his family. On cross-examination, Smith admitted to much of the uncharged conduct detailed in the PSR. The court then concluded that a sentence above

No. 19-10077

the Guidelines range was "necessary and appropriate . . . to take into account all the factors the Court should consider" under 18 U.S.C. § 3553(a).    Specifically, the court noted the "nature and circumstances of the" "very serious offense," and stated, "I can't think of a way for a man to abuse his spouse and children much worse than [Smith] has."  The court found that Smith "has not had much respect for other people or the law in the past," so a more severe sentence would "help promote his respect for the law" and "provide just punishment."  Finally, the court concluded that other § 3553(a) factors, including the need for adequate deterrence, the need to protect the public, the kinds of sentences available, and the Guidelines range, all supported a higher sentence.

Defense counsel then requested a 120-month sentence of imprisonment and a 10- or 15-year term of supervised release, arguing that such a sentence would fall within the more onerous Guidelines range concerning production of child pornography.  The court responded that, while Smith was remorseful, he had "engaged in conduct that's just absolutely inexcusable, and there's no way in my mind it can be justified."  It determined that Smith "deserves very severe punishment, and maybe more than I'm going to have now decided to impose."  The court sentenced Smith to 180 months' imprisonment (an above-Guidelines term) and a lifetime of supervised release.  It ordered Smith to comply with "the standard conditions of supervised release that will be set forth in the judgment of conviction and sentence," as well as "additional conditions" the court then specifically enumerated.  One enumerated condition required Smith to "register as a sex offender with state and local law enforcement as directed by the probation officer" and "provide all information required in accordance with state registration guidelines."  Smith

No. 19-10077

made no further objections.  The written judgment later imposed sixteen "Standard Conditions of Supervision," requiring Smith to, inter alia, provide the probation officer requested financial information, support his dependents, and notify third parties of risks created by his criminal record.  Smith timely appealed.

## II

Smith challenges the reasonableness of his sentence, asserting that the district court erred both procedurally and substantively by imposing a lifetime of supervised release and an above-Guidelines term of imprisonment.  When reviewing sentences for reasonableness, this court "first examine[s] whether the district court committed any significant procedural error."[1]  If not, "we ... next consider the substantive reasonableness of the sentence under an abuse-of-discretion standard."[2]

## A

Smith claims procedural error regarding the term of supervised release.  First, he argues that the district court erred by automatically imposing the lifetime term.  Because Smith previously objected to the automatic imposition of a lifetime term of supervised release, he preserved this claim, and we review the district court's interpretation of the Guidelines de novo and its factual findings for clear error.[3]  This court has held that the "automatic imposition" of a lifetime of supervised release "without regard for the specific facts and circumstances of the case or the range provided for

---

[1] *United States v. Churchwell*, 807 F.3d 107, 122 (5th Cir. 2015).

[2] *Id.*

[3] *See United States v. Randall*, 924 F.3d 790, 795 (5th Cir. 2019).

in the statute" constitutes error.[4] But here, there is no indication that the district court automatically imposed a lifetime term. Rather, the district court was aware that it could impose a lesser term of supervised release based on the statutory and Guidelines ranges discussed in the PSR, the court's own recitation of those ranges at sentencing, and Smith's objections and arguments. Indeed, the court described the sentence as "absolutely required" to adequately address the statutory sentencing factors. Further, the district court's characterization of Smith's objection to the PSR as not "a true objection" does not show that the court automatically imposed a lifetime term of supervised release; instead, it reveals that the court sought to clarify the nature of Smith's objection. Smith also mislabels the Government's response to his objection to the PSR as a "counterproposal" that the district court failed to address. In fact, the Government "agree[d]" with the PSR's recommended lifetime term of supervised release and argued in the alternative that, were the district court to disagree with the PSR's recommendation, a term of "no less than 25 years" would be appropriate. In sum, the record does not support Smith's claim that the district court automatically imposed a lifetime term.

Second, Smith argues that the district court failed to give "due consideration to the 18 U.S.C. § 3553(a) factors" when imposing a lifetime term of supervised release. Because he did not raise this argument before the district court, we review for plain error and require Smith to show "a forfeited error that is clear or obvious," "affects . . . substantial rights," and seriously impairs "the fairness, integrity, or public reputation of judicial

---

[4] *United States v. Alvarado*, 691 F.3d 592, 598 (5th Cir. 2012); *see also United States v. Scott*, 821 F.3d 562, 572 n.7 (5th Cir. 2016) (noting that imposition of a lifetime term "blindly and without careful consideration of the specific facts and circumstances of the case" would be erroneous).

proceedings."[5] Smith cannot make this showing. Although the district court did not explicitly discuss the statutory factors in relation to the supervised release term, it did cite and discuss these factors when explaining the general sentence imposed. Thus, Smith's assertions of procedural error concerning the lifetime of supervised release fail.

Smith also asserts procedural error regarding his term of imprisonment. He argues that the district court imposed a prison sentence significantly above the Guidelines range without explaining how this sentence provided better safeguards or deterrence, even after Smith presented non-frivolous reasons supporting a lesser prison term. Because Smith did not preserve this claim, we review for plain error.[6]

We conclude that the district court fulfilled its obligation to explain the sentence in adequate detail, given that it departed from the Guidelines.[7] We are also satisfied that the district court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority."[8] The record reveals that the district court considered Smith's written objections to the PSR and heard his testimony and statement of remorse, as well as defense counsel's arguments regarding a lesser sentence. The court also concluded that an above-Guidelines sentence was "absolutely necessary" to account for the § 3553(a) factors generally, and it specifically discussed and cited a number of individual factors. Finally, the court described Smith's conduct as "just absolutely

---

[5] *United States v. King*, 979 F.3d 1075, 1079 (5th Cir. 2020) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[6] *See id.*

[7] *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009); *Churchwell*, 807 F.3d at 122.

[8] *Rita v. United States*, 551 U.S. 338, 356 (2007).

No. 19-10077

inexcusable," concluding that it merited "very severe punishment, and maybe more than I'm going to have now decided to impose." In sum, Smith's arguments regarding procedural error are unavailing.

## B

Smith also contends that the lifetime term of supervised release and the above-Guidelines term of imprisonment are substantively unreasonable. Because Smith previously requested a specific sentence of imprisonment and supervised release, he preserved this issue,[9] and we review his sentence's substantive reasonableness for an abuse of discretion.[10]

Smith first challenges the substantive reasonableness of his above-Guidelines term of imprisonment, asserting, inter alia, that the district court imposed a weighty sentence in addition to the excessive term of supervised release, failed to properly weigh several § 3553(a) factors against his accomplishments prior to sentencing, and neglected to consider that he had already "lost" his family, rendering a lengthy sentence "simply not needed." "A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors . . . where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."[11] We conclude that Smith's prison sentence does not meet this standard. As discussed above, the district court heard Smith's objections, testimony, and expressions of remorse (including remorse over

---

[9] *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).

[10] *See United States v. Johnson*, 648 F.3d 273, 276 (5th Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)).

[11] *United States v. Nguyen*, 854 F.3d 276, 283 (5th Cir. 2017) (quoting *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015)).

No. 19-10077

harm inflicted upon his family), as well as defense counsel's arguments. The court also cited and discussed a number of relevant statutory factors. Smith asks us, in effect, to reweigh the sentencing factors, which this court cannot do.[12]

Smith also challenges the lifetime term of supervised release as substantively unreasonable. But because the recommended Guidelines range for supervised release was five years to life, the lifetime term represents a within-Guidelines sentence subject to a rebuttable presumption of reasonableness.[13] "Th[is] presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."[14] As with the substantive challenge to his term of imprisonment, Smith has not made this showing. The district court heard Smith's objections, arguments, testimony, and remorse; it referenced multiple § 3553(a) factors when explaining the sentence; and it found Smith's conduct "absolutely inexcusable" and "deserv[ing of] very severe punishment." Moreover, this court has previously upheld lifetime terms of supervised release in child pornography cases.[15] In sum, Smith cannot establish that his sentence is substantively unreasonable.

---

[12] *See Gall*, 552 U.S. at 51 (noting that an appellate court reviewing an above-Guidelines sentence "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance")

[13] *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

[14] *Id.*

[15] *See, e.g.*, *United States v. Scott*, 821 F.3d 562, 572 n.7 (5th Cir. 2016) (concluding that a lifetime term of supervised release was not plainly erroneous when "the Guidelines recommend[ed] it"); *United States v. Carpenter*, 647 F. App'x 397, 399 (5th Cir. 2016)

No. 19-10077

## C

Finally, Smith contends that the written judgment erroneously added three conditions of supervised release that were not orally pronounced during sentencing. These conditions required him to (1) provide requested financial information to his probation officer, (2) support his dependents and meet family responsibilities, and (3) notify third parties of risks created by his criminal record and personal history and characteristics.

Criminal defendants possess a Fifth Amendment due process right to be present at sentencing.[16] To respect this right, "[t]he district court must orally pronounce a sentence," including certain conditions of supervised release.[17] In *United States v. Diggles*, this court held that "what matters [for pronouncement] is whether a condition is required or discretionary under the supervised release statute," 18 U.S.C. § 3583(d).[18] "If a condition is required, making an objection futile, the court need not pronounce it. If a condition is discretionary, the court must pronounce it to allow for an objection."[19]

The Government concedes that conditions one and two—requiring Smith to provide requested financial information and support his dependents—are not required under § 3583(d), and thus should have been, but were not, orally pronounced. However, the Government asserts that the

---

(concluding that the district court neither abused its discretion nor plainly erred by imposing a lifetime of supervised release after the defendant pleaded guilty to a single count of possessing child pornography).

[16] *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021).

[17] *United States v. Diggles*, 957 F.3d 551, 556 (5th Cir. 2020) (en banc).

[18] *Id.* at 559.

[19] *Id.*

district court's failure to pronounce these conditions was harmless error because Smith's challenge is "premature," i.e., unripe.

Ripeness "is a jurisdictional issue we review de novo."[20]  "[T]he ripeness doctrine . . . separate[s] matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action."[21]  This case presents an opportunity to resolve some tension in our precedent analyzing the injury claimed by defendants who challenge a district court's failure to orally pronounce supervised release conditions.  In *United States v. Harris*, this court addressed a defendant's claim that his written judgment erroneously inserted four supervised release conditions that "were not orally pronounced during sentencing."[22]  Analyzing the challenged conditions' ripeness, we focused on the likelihood of their eventual imposition.[23]  We observed that "[a] condition of supervised release is ripe for review if it is 'patently mandatory—i.e., [its] imposition is "not contingent on future events,"'" and unripe "if it is 'a matter of conjecture' whether the requirements of the condition will take effect."[24]  But *Harris*'s analytical framework derives from cases challenging the *imposition* of supervised release conditions, not the *pronouncement* of such conditions.[25]  In these cases, the defendant's injury

---

[20] *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016).

[21] *TOTAL Gas & Power N. Am., Inc. v. Fed. Energy Regul. Comm'n*, 859 F.3d 325, 333 (5th Cir. 2017) (quoting *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 n.12 (5th Cir. 2008)).

[22] 960 F.3d 689, 695 (5th Cir. 2020).

[23] *See id.* at 695-96.

[24] *Id.* at 696 (second alteration in original) (quoting *Magana*, 837 F.3d at 459).

[25] *See Magana*, 837 F.3d at 458, 459 n.1 (addressing the defendant's assertion that the requirements for the supervised release condition to be imposed under the relevant statute had not been met, and noting that the defendant had waived any argument that the

No. 19-10077

would occur, if at all, at some future time when the condition was imposed upon his or her release from prison.[26]

Challenges to the *pronouncement* of supervised release conditions, by contrast, allege a past injury. Defendants have a constitutionally-protected right to be present at sentencing and "the district court must orally pronounce [the] sentence to respect" this right.[27] A deficient pronouncement, therefore, infringes upon defendants' due process rights at the time of sentencing.[28] We failed to recognize this distinction in *Harris*. Thus, while *Harris* reached the correct result, it mischaracterized the injury attributable to an allegedly flawed pronouncement of sentence.[29] Our unpublished opinion in *United States v. Santos-Ferrufino*,[30] however, correctly analyzed the timing of a defendant's pronouncement-related injury and, in turn, the claim's ripeness. That case, like *Harris*, concerned an alleged "conflict between the oral pronouncement of sentence and the written judgment."[31] We observed that the defendant was "not challenging the . . . condition itself but instead argu[ing] that the discrepancy between the oral pronouncement . . . and the written judgment infringe[d] on his

---

written judgment conflicted with the oral pronouncement); *United States v. Carmichael*, 343 F.3d 756, 759 (5th Cir. 2003) (addressing the defendant's claim that imposition of the supervised release condition was unconstitutional).

[26] *See Magana*, 837 F.3d at 459-60 (analyzing whether the defendant would be subject to the condition upon his release); *Carmichael*, 343 F.3d at 761-62 (same).

[27] *United States v. Diggles*, 957 F.3d 551, 556-58 (5th Cir. 2020) (en banc).

[28] *See United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021) (quoting *Diggles*, 957 F.3d at 557).

[29] 960 F.3d 689, 696 (5th Cir. 2020) (concluding that the pronouncement-based challenge was ripe).

[30] 772 F. App'x 96 (5th Cir. 2019).

[31] *Id.* at 96.

constitutional right to be present at sentencing."[32] Because "the injury complained of [had already] occurred," we held the claim "ripe for adjudication."[33] *Santos-Ferrufino*, therefore, presents the correct way to assess the ripeness of claims challenging the failure to pronounce supervised release conditions—because the alleged injury occurs at the time of oral sentencing, these claims are ripe for review. Accordingly, Smith's claim that the district court failed to orally pronounce the contested supervised release conditions is ripe.

We now turn to the merits of Smith's challenge to conditions one and two, which require Smith to disclose certain financial information and support his dependents. The court did not refer to these conditions at all during sentencing. Accordingly, Smith had no opportunity to object to conditions one and two, and we review his challenge for abuse of discretion.[34]

When a discrepancy exists between the oral pronouncement and written judgment, "the key determination is whether the discrepancy . . . is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record."[35] If a district court "fails to mention" a discretionary condition during oral sentencing, "its subsequent inclusion in the written judgment creates a conflict that requires amendment of the written judgment to conform with the oral pronouncement."[36] Because the written judgment

---

[32] *Id.*

[33] *Id.*

[34] *See United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir. 2020) (en banc).

[35] *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 400 (5th Cir. 2019) (quoting *United States v. Flores*, 664 F. App'x 395, 398 (5th Cir. 2016) (per curiam)).

[36] *United States v. Rouland*, 726 F.3d 728, 735 (5th Cir. 2013); *see also United States v. Omigie*, 977 F.3d 397, 406 (5th Cir. 2020) ("Where there is a conflict between the court's oral pronouncement and the written judgment, the oral pronouncement controls, and 'the appropriate remedy is remand to the district court to amend the written judgment to

imposed conditions one and two after the district court failed to mention them during sentencing, a conflict exists, and these conditions should be removed from the judgment.

Smith also challenges the written judgment's inclusion of condition three, which in relevant part requires him to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics." Like conditions one and two, this condition is not "required" by § 3583(d), so the district court was obligated to orally pronounce it at sentencing.[37] "The pronouncement requirement is . . . satisfied when [the district court] . . . giv[es] the defendant notice of the sentence [including required conditions of supervised release] and an opportunity to object."[38] As explained below, the district court did not pronounce this condition at sentencing, depriving Smith of an opportunity to object. Accordingly, we review for abuse of discretion.[39]

The Government makes several arguments regarding condition three. First, it contends that the "substance" of this condition is part of the "standard" conditions adopted at sentencing. While the district court did order Smith to "comply with the standard conditions of supervised release that will be set forth in the judgment of conviction and sentence," the nature of these conditions was entirely unclear at the time of sentencing, depriving

---

conform to the oral sentence.'") (quoting *United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006)).

[37] *See Diggles*, 957 F.3d at 559; 18 U.S.C. § 3583(d).

[38] *Diggles*, 957 F.3d at 560.

[39] *See id.* ("We conclude that the district court pronounced the conditions for the same reason that plain-error review applies: the judge informed the defendants of the conditions, so they had an opportunity to object."); *United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020) ("If the defendant had no opportunity to object to the unpronounced conditions in the district court, we review for abuse of discretion.").

No. 19-10077

Smith of any notice and opportunity to object.[40]   The Government also observes that condition three is similar to the "standard condition" set forth in § 5D1.3(c)(12) of the Guidelines, as well as an older version of this condition.[41]  But because the district court failed to mention any Guidelines conditions during sentencing, much less ensure that Smith had reviewed these conditions with counsel, this after-the-fact similarity is inapposite.[42] Finally, the Government asserts that condition three is duplicative of the mandatory condition requiring Smith to register under the Sex Offender Registration and Notification Act (SORNA).[43]   However, no SORNA provision is sufficiently similar to condition three to duplicate its requirements.[44]    Rather, condition three's general phrasing broadens SORNA's registration requirements, along with those mentioned by the court during sentencing.   Accordingly, a conflict results, and the oral pronouncement governs such that condition three must be removed from the written judgment on remand.[45]

---

[40] *See Diggles*, 957 F.3d at 560.

[41] *See* U.S. Sent'g Guidelines Manual § 5D1.3(c)(12) (U.S. Sent'g Comm'n 2018).

[42] *See Diggles*, 957 F.3d at 560-63 & n.5 (explaining that a court may satisfy the pronouncement requirement by orally adopting another "document proposing conditions," provided that the court "ensure[s] . . . that the defendant had an opportunity to review it with counsel"); *Gomez*, 960 F.3d at 179 (same).

[43] *See* 18 U.S.C. § 3583(d) (requiring a district court to order compliance with SORNA as a condition of supervised release).

[44] *See* 34 U.S.C. § 20913(a),(c) (requiring sex offenders to register and keep their registration current); *id.* § 20920 (requiring online public access to sex offender information); *id.* § 20923 (creating a community notification program requiring officials to provide information about registered offenders to designated individuals and entities).

[45] *United States v. Omigie*, 977 F.3d 397, 406 (5th Cir. 2020) (quoting *United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006)).

No. 19-10077

\*      \*      \*

For the foregoing reasons, the judgment is AFFIRMED IN PART and REVERSED IN PART.  We REMAND to the district court for the limited purpose of amending the written judgment to conform to the oral sentence.